In the Matter of the Application of Jerry D. Morris for an Original Writ to Withdraw Detainer and Dismiss Criminal Complaint.

**Jerry D. MORRIS, Petitioner,**

v.

**Morrell McGEE, Sheriff, and Maurice E. Cook, State's Attorney, of Bowman County, North Dakota, Respondents.**

Cr. No. 385.

Supreme Court of North Dakota.

Aug. 26, 1970.

John A. Amundson, Bowman, for petitioner.

Helgi Johanneson, Atty. Gen., Paul M. Sand, First Asst. Atty. Gen., Bismarck; and Maurice E. Cook, State's Atty., Bowman County, Bowman, for respondents.

PAULSON, Judge.

Jerry D. Morris, presently imprisoned in the State Penitentiary at Sioux Falls, South Dakota, has filed a petition in this Court, requesting that the Court, under its original jurisdiction, direct the sheriff of Bowman County, North Dakota, to withdraw the detainer against petitioner which was mailed to the warden of the South Dakota State Penitentiary in the form of a warrant of arrest, and that this Court order the state's attorney of Bowman County to have the criminal complaint against petitioner dismissed. The proceeding is not here on appeal.

Petitioner alleges that he has done everything within his power to secure a speedy trial in North Dakota. He urges that he was never brought to trial in this State because of the bad faith and lack of diligence of the North Dakota officials; and that said detainer has been and is a great hardship to him while he is a prisoner in South Dakota because the existence of such a detainer has prohibited him from earning a reduction in time to be served, because

of good behavior, and also has deprived him of the further benefit of being eligible for a position as a prison trusty. The facts in this case were settled by stipulation of the attorneys in open court and are as follows:

On April 15, 1968, a criminal complaint charging Jerry D. Morris, the petitioner herein, with the crime of burglary, as defined in § 12–35–02, North Dakota Century Code, issued out of Bowman County Justice Court. On the same date, the county justice issued a warrant of arrest for Jerry D. Morris, and at that time the Bowman County state's attorney was informed that Jerry D. Morris was in Miner County, South Dakota, being held on a burglary charge. A North Dakota warrant was filed against Mr. Morris in Miner County, South Dakota, on April 16, 1968, at the time of his arraignment in South Dakota. On May 24, 1968, petitioner became an inmate of the South Dakota Penitentiary at Sioux Falls, South Dakota. He had been sentenced to that institution for a term of two years and nine months, arising out of his plea of guilty to said felony charge. From that date on he became and up to the present time he has remained an inmate of that institution. On April 9, 1969, Morrell McGee, sheriff of Bowman County, North Dakota, mailed to the warden of the State Penitentiary at Sioux Falls, South Dakota, a warrant of arrest as a detainer against the petitioner. The delay in the mailing of the warrant of arrest against petitioner was due to the fact that the sheriff and the state's attorney of Bowman County believed that the previous warrant filed with the authorities of Miner County, South Dakota, prior to petitioner's hearing, had accompanied the petitioner's commitment papers which had been forwarded to the prison authorities at Sioux Falls. Petitioner, on April 11, 1969, was notified by the South Dakota prison authorities that the detainer had been received. On April 24, 1969, petitioner wrote to the Bowman County sheriff, asking him to formally file this felony charge against the petitioner and to forthwith transport him to Bowman County for an immediate trial. He requested, as an alternative, that the charges against him be dismissed. A copy of this letter was forwarded to the Attorney General of the State of North Dakota at Bismarck. Maurice E. Cook, Bowman County state's attorney, wrote to the petitioner on May 16, 1969, informing him that petitioner could have a trial at any time, provided he would waive extradition and could secure temporary release from the South Dakota penitentiary. On June 5, 1969, petitioner executed and mailed to the North Dakota Supreme Court his petition for an original writ of habeas corpus or, in the alternative, for injunctive relief. Proceedings for the extradition of petitioner were initiated by the Bowman County state's attorney and approved by the Attorney General of the State of North Dakota. On June 26, 1969, North Dakota Governor William L. Guy made demand by a requisition warrant upon the South Dakota executive authority for the extradition of the petitioner from the State of South Dakota to the State of North Dakota. The Clerk of the North Dakota Supreme Court, on July 3, 1969, transmitted to the petitioner a copy of this Court's order dated July 2, 1969, wherein the petitioner's application for a writ of habeas corpus or, in the alternative, for injunctive relief, was denied, upon the ground that extradition proceedings had previously been initiated for petitioner's return to North Dakota for a speedy trial. On July 22, 1969, petitioner signed a demand for a speedy trial and a waiver of extradition from the State of South Dakota to the State of North Dakota; and on the same date petitioner signed a waiver of extradition from the State of North Dakota to the State of South Dakota, together with a promise to return voluntarily to the South Dakota Penitentiary after completion of his trial and upon the demand of the State of South Dakota.

The North Dakota Governor also executed an agreement whereby the State of North Dakota would assume all costs for

the removal and return of Jerry D. Morris from the State of South Dakota to the State of North Dakota for the purposes of trial in Bowman County, North Dakota, on the burglary charge. John E. Adams, an Assistant Attorney General of the State of North Dakota, wrote the petitioner on October 20, 1969, and advised him that appropriate papers had been submitted to the State of South Dakota for petitioner's extradition to the State of North Dakota for trial.

Petitioner continued his correspondence with the state's attorney of Bowman County, North Dakota, demanding a speedy trial and requesting that the detainer against him be withdrawn because it affected his eligibility for parole and prevented him from being eligible to become a prison trusty. On March 23, 1970, petitioner filed pro se his petition with this Court, making application to have the detainer against him withdrawn and the criminal charges against him dismissed in Bowman County, North Dakota, which petition was accompanied by a pauper's affidavit. Thereafter, this Court directed the district court of Bowman County to appoint an attorney for petitioner; an application for an order to show cause was filed by the petitioner's attorney with this Court on July 10, 1970; and the matter was argued before this Court on July 15, 1970.

The issues in this case are two-fold:

1. Has the State of North Dakota made a diligent and good-faith effort to secure the presence of the petitioner from the State of South Dakota and to afford him a speedy trial in North Dakota?

2. Has the State of North Dakota violated petitioner's constitutional rights under Amendment VI of the United States Constitution and under Article I, Declaration of Rights, § 13 of the North Dakota Constitution?

The relevant constitutional and statutory provisions are as follows:

Amendment VI of the United States Constitution:

"In all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial, by an impartial jury of the State and district wherein the crime shall have been committed, which district shall have been previously ascertained by law, and to be informed of the nature and cause of the accusation; to be confronted with the witnesses against him; to have compulsory process for obtaining Witnesses in his favor, and to have the Assistance of Counsel for his defense."

Article I, Declaration of Rights § 13, North Dakota Constitution:

"In criminal prosecutions in any court whatever, the party accused shall have the right to a speedy and public trial; to have the process of the court to compel the attendance of witnesses in his behalf; and to appear and defend in person and with counsel. No person shall be twice put in jeopardy for the same offense, nor be compelled in any criminal case to be a witness against himself, nor be deprived of life, liberty or property without due process of law."

Section 29-01-06, N.D.C.C.:

"*Rights of defendant.*—In all criminal prosecutions the party accused shall have the right:

"1. To appear and defend in person and with counsel;

"2. To demand and be informed of the nature and cause of the accusation;

"3. To meet the witnesses against him face to face;

"4. To have the process of the court to compel the attendance of witnesses in his behalf; and

"5. To a speedy and public trial, and by an impartial jury of the county in which the offense is alleged to have

been committed or is triable, but subject to the right of the state to have a change of the place of trial for any of the causes for which the party accused may obtain the same."

■ This is a case of first impression in this Court. However, it is now established law that federal due process mandatorily requires that when a person makes a demand for a speedy trial, the prosecuting state must make a diligent, good-faith effort to bring him to trial. State v. Opheim, 169 N.W.2d 716 (S.D.1969). In Smith v. Hooey, 393 U.S. 374, 89 S.Ct. 575, 21 L.Ed.2d 607 (1969), the petitioner was incarcerated in the federal penitentiary in Kansas and although he made repeated requests to the State of Texas for a speedy trial, he was denied the same for more than six years. The State of Texas made no attempt to bring him to trial. He then filed a motion in the Texas trial court to dismiss the charge against him for want of prosecution. The trial court refused to consider his motion. Smith then commenced a mandamus proceeding in the Texas Supreme Court, requesting an order to show cause why the charge should not be dismissed. The Texas Supreme Court denied mandamus. The United States Supreme Court ruled upon the petitioner's demand, holding that the State of Texas had a constitutional duty to make a diligent and good-faith effort to bring him before the court for trial. The *Hooey* and *Opheim* cases, *supra*, indicate that a defendant who demands but does not receive an immediate trial is not ipso facto entitled to his discharge and there must be at least some showing of prejudice in addition to a lapse of time. Incarceration in another jurisdiction, then, is not an excuse for inaction by law enforcement officials over a substantial period of months, but it does have an immediate bearing upon the reasonableness of the interval between the charge and the trial. United States v. Banks, 370 F.2d 141 (4th Cir. 1966). In a concurring opinion by two Justices in

Dickey v. State of Florida, 398 U.S. 30, 90 S.Ct. 1564, 25 L.Ed.2d 26 (May 25, 1970), it is stated that consideration must be given to at least three basic factors in judging the reasonableness of a particular delay: the source of the delay, the reasons for it, and whether the delay prejudiced interests protected by the speedy-trial clauses of the Constitution of the United States and the Constitution of the State of Florida.

The record in the *Dickey* case shows that the petitioner was available to the State of Florida at all times during the seven-year period before his trial. The State suggested no tenable reason for deferring the trial in the face of petitioner's diligent and repeated efforts, by motions made in the Florida state courts in 1962, 1963, and 1966, to secure a prompt trial. In the interval, two witnesses died and other potential defense witnesses were alleged to have become unavailable; also, police records of possible relevance had been lost or destroyed. In the *Dickey* case, the State of Florida brought the petitioner back to Florida and tried and convicted him. Petitioner's challenge was directed to the power of the State of Florida to try him after a lapse of eight years, during which time he repeatedly demanded and was denied a trial.

■ The right to a speedy trial is not a theoretical or abstract right but one rooted in hard reality on the need to have charges promptly exposed. · In the *Dickey* case, the delay was exclusively for the convenience of the State, and this record of delay, with its consequent prejudices, was intolerable as a matter of fact and impermissible as a matter of law. While holding to the principle of law set down in the *Hooey* and the *Dickey* decisions, the instant case may be distinguished factually because the State of North Dakota, through its law enforcement officials, made a reasonable effort to extradite the defendant; these officials acted expeditiously and exercised good faith; and the delay was caused by the lack of cooperation by the South Dakota officials, and such delay can-

**664**

not be attributed to any failure to take action by North Dakota law enforcement officials. Extradition proceedings were started, petitioner's written demands for a speedy trial were promptly acknowledged by the proper authorities, and any delay in the proceedings was for a relatively short period of time and did not exhibit any prejudice on the part of the State of North Dakota or its officials. However, the filing of a detainer alone is not sufficient to indicate good faith and diligence on the part of state law enforcement officials. In addition, it is significant that in both the *Hooey* and the *Dickey* cases, the petitioner in each case was incarcerated in a federal penitentiary, whereas in the instant case the petitioner is confined in a state penitentiary, in South Dakota. Federal authorities consistently have recognized the writ of *ad prosequendum.* However, assuming, without deciding, that such a writ could be issued, the State of South Dakota would not be bound by such a writ if it were issued by a North Dakota court, based upon the facts developed in the instant case. No explanation has been presented to this Court why the State of South Dakota has not honored the extradition proceedings. However, this Court does not presume to have jurisdiction over the State of South Dakota. The North Dakota law enforcement officials do not have the power to compel the return of the petitioner to this State from the South Dakota penal institution where he is confined, without the cooperation and consent of the South Dakota law enforcement authorities. We conclude that the North Dakota law enforcement officials took reasonable steps and acted in good faith in their attempts to secure a speedy trial in Bowman County, North Dakota, for the petitioner.

For the reasons above stated, the petition requesting that the sheriff of Bowman County, North Dakota, be ordered to withdraw the detainer against petitioner which was filed with the warden of the South Dakota Penitentiary and that the complaint be dismissed and further prosecution barred, is hereby denied.

TEIGEN, C. J., and STRUTZ and KNUDSON, JJ., concur.

ERICKSTAD, J., did not participate.