**STATE of North Dakota, Plaintiff and Respondent,**

v.

**David Dwight MILLER, Defendant and Appellant.**

**Cr. No. 429.**

Supreme Court of North Dakota.

Dec. 1, 1972.

Helgi Johanneson, Atty. Gen., Bismarck, and Richard B. Thomas, State's Atty., Minot, for plaintiff and respondent.

Pringle & Herigstad, Minot, for defendant and appellant.

STRUTZ, Chief Justice.

The defendant was charged with the crime of burglary, and was tried to the court without a jury, jury trial having been waived. Upon being found guilty, he moved for a new trial, which motion was denied. This appeal is from the judgment of conviction and sentence, and from the order denying motion for new trial.

The record discloses that at approximately 11:40 p. m. on the second day of December 1971, two persons, husband and wife, were returning in their automobile to their home near Burlington from an evening of bowling in Minot. As they passed a business establishment known as Modern Concrete Company, they observed two persons at the front door of the company's office building. One appeared to be bending over as if he were working on the door, while the other was watching traffic. The wife, a passenger in the automobile, noticed that these two persons had long hair, which is descriptive of the defendant's hair. There was a neon sign in the front of the building, but the view which she obtained of these persons was not such that she could identify them.

Their suspicions having been aroused, the husband and wife stopped at a nearby nightclub operated by the owner of the concrete company and reported what they had seen. An employee of the owner went immediately to the concrete company's building and saw that the door was open and that the lights were on in the building and that things were scattered around inside. The glass in the door had been broken and there was no light in the neon sign in front of the building. It later developed that the neon sign had an automatic switch which turned the light off at midnight.

The employee immediately reported his findings to the sheriff's office. Two deputy sheriffs and a special agent of the North Dakota Crime Bureau arrived at the concrete company building within a very short time. They found that the glass in the front door had been broken and had fallen inside the office building. A filing cabinet had been overturned and the contents were scattered about. The inside of the office was covered by a substance similar to the residue left when chemical is sprayed from a fire extinguisher. A number of bottles of whiskey and two cases of beer, which had been Christmas gifts to the concrete company, were missing, but nothing else had been taken.

Pieces of broken glass from the door were dusted and three legible fingerprints were found, with others that were too smudged to be of any value. These prints were identified by the F.B.I. as being made by the middle three fingers of the defendant's left hand.

A lady who does the cleaning for Modern Concrete testified that she had washed the window in the door during the weekend following Thanksgiving, which in 1971 fell on Thursday, November 25. An F.B.I. agent testified that such washing would remove all fingerprints on the glass. The owner of Modern Concrete as well as the office secretary testified that they never had seen the defendant at Modern Concrete, although both admitted that there had been times when they may not have been present at the place of business during working hours.

The defendant did not take the stand, but through three witnesses offered an alibi as a defense. This alibi was to the effect that on the night in question the defendant had attended a party at which these witnesses were present, and that he had been at the party during the time when the two persons were seen at the door of Modern Concrete. No testimony was offered by the defendant to explain the presence of his fingerprints on the broken glass from the door, which admittedly had to have been placed there within four days prior to the break-in since the window had been washed during the week-end of Thanksgiving.

The State asserts that a motive for the defendant's presence at Modern Concrete on the night of the burglary was furnished by the defendant's wife, who, in attempting to explain how she knew that the party which she and her husband had attended was on the night of December 2, testified that she and her husband had had a serious quarrel at the party because the defendant wanted to use a welfare check, which had been received that day, for purchasing liquor. She had refused to permit him to use it for that purpose. She also testified that the welfare checks always arrived on the second day of the month, and that the party therefore was held on the second day of December since the check had arrived the day of the party. She further testified that the argument between herself and her husband, the defendant, became so heated when she refused to permit the welfare money to be used for purchasing liquor that she asked another person at the party to take her home. Thus, the State asserts, the defendant had a motive for breaking into Modern Concrete for the purpose of stealing the whiskey and beer located in that place. How the defendant might have known that these beverages were to be found in Modern Concrete is not explained, but the State points out that there were two persons present at the door just before the break-in, and that the unidentified individual may have known that the beverages were there.

On this record, the trial court found the defendant guilty of burglary, and the defendant takes this appeal. The defendant's appeal is based on one specification of error, which is that the decision of the trial court is contrary to the law and the evidence, in that it establishes only that the defendant was at the place burglarized within four days prior to the commission of the crime; that an individual whose appearance was similar to that of the defendant was seen at the door of the building shortly before the burglary was discovered; and that the defendant had a motive for committing the crime: his desire to secure alcoholic beverages. The defendant asserts, however, that such evidence is wholly insufficient to justify the trial court's finding that all hypotheses inferred from such facts consistent with the defendant's innocence were excluded.

It is admitted that the defendant was not identified by the witness who saw the two individuals at the door of Modern Concrete as one of those persons. The defendant asserts that the evidence against him is clearly circumstantial and that, even viewing the testimony in the light most favorable to the State, such testimony does not exclude all reasonable inferences of innocence; that the defendant's fingerprints could have been put on the glass on an occasion when he was at Modern Concrete on legitimate business. The defendant further strenuously asserts that it is not only the trial jury or the trial court—where the case is tried without a jury—that is required to find that the circumstantial evidence is such as to show that the defendant committed the crime charged beyond a reasonable doubt, and that such circumstances are inconsistent with any other rational or reasonable conclusion, but that the appellate court also must determine that all reasonable inferences of innocence are excluded; that it is not sufficient that the circumstances proved coincide with, account for, and therefore render probable

the defendant's guilt, but that such circumstances must exclude to a moral certainty, beyond a reasonable doubt, every other theory except that of guilt. The defendant urges that this court be governed by the same standards as those required at the trial level; that is, that the appellate court must find that the evidence excludes all reasonable inferences of innocence before it may, on appeal, find that the evidence is sufficient to sustain the finding of guilty.

This court was faced with the same argument in the case of State v. Carroll, 123 N.W.2d 659 (N.D.1963). In that case, we relied on the rule announced in 24A C.J.S. Criminal Law § 1882, beginning at page 826, as follows:

"While a case based on circumstantial evidence should be scanned with caution, the fact that the evidence is circumstantial and conflicting does not alone empower the appellate court to weigh it or determine its sufficiency, if it reasonably tends to prove the guilt of accused and fairly warrants a conviction. The question is whether there is evidence to support the verdict; and a verdict based on circumstantial evidence carries the same presumption of correctness as other verdicts, and will not be disturbed unless wholly unwarranted, even though the evidence is weak and unsatisfactory to the appellate court. The reviewing court is not required to explain the process by which the jury arrived at their determination.

"Where the circumstances are consistent with the hypothesis of accused's innocence as well as with that of his guilt, the jury, or the trial court trying the case without a jury, must draw the inference, and an appellate court will not substitute its judgment for that of the jury or of the trial court. This rule should not be confused with the rule laid down for the guidance of the trial court, . . . that the evidence must be of a conclusive character and must exclude every reasonable hypothesis of innocence. However, the rule in the appellate court has no application unless two conflicting inferences could have been reasonably drawn from the evidence . . . ."

Thus this court has held that we will not substitute our judgment for that of the trial court and will not determine on appeal whether all reasonable inferences of innocence are excluded before we find the evidence sufficient to sustain a finding of guilty. The only question for this court to determine on appeal is whether the evidence supports the trial court's finding. Here, the trial court found that the defendant's fingerprints were on the glass of the door that had been broken in gaining entrance to the building; that those prints, under the evidence, had to have been put on the glass within about four days of the day of the break-in. We would point out that the trial court further found that the defendant did have a motive for stealing the alcoholic beverages from Modern Concrete. His wife had refused to permit him to spend the welfare check for that purpose, and it had so angered him that it caused a big argument. He wanted to secure some liquor. How he knew that liquor was to be found at Modern Concrete remains a mystery. But, as the trial court pointed out, there are ways that such information is passed about, sometimes innocently. Furthermore, there was a second person involved in the break-in. He may have known of the liquor being in the office of Modern Concrete.

Thus we hold that although the defendant has been convicted on circumstantial evidence, the circumstances are such as to reasonably justify the trial court's finding of guilt.

For reasons set forth in this opinion, the finding of guilt by the trial court will not be disturbed on appeal.

Affirmed.

ERICKSTAD, KNUDSON, PAULSON and TEIGEN, JJ., concur.