STATE of North Dakota, Plaintiff
and Appellee,

v.

Lloyd G. BERGERON, Defendant
and Appellant.

Crim. No. 858.

Supreme Court of North Dakota.

Nov. 17, 1982.

James T. Odegard, States Atty., Grand Forks, for plaintiff and appellee; submitted on the brief by J.E. Rick Brown, Asst. States Atty.

Robert J. LaBine, Grand Forks, for defendant and appellant; submitted on the brief by Robert J. LaBine, Grand Forks.

ERICKSTAD, Chief Justice.

Defendant, Lloyd D. Bergeron, is appealing from a judgment entered November 25, 1981, by the Grand Forks County Court of Increased Jurisdiction, convicting him of driving while license suspended and of unauthorized use of a vehicle. Bergeron also appeals from the court's order of restitution dated May 3, 1982.

On October 1, 1981, Brenda Kay Peterson, a private person, certified two citizen arrests alleging that Bergeron was driving while under the influence of intoxicating liquor in violation of Section 39–08–01, N.D. C.C., and driving while license suspended in violation of Section 39–06–42, N.D.C.C. In addition, another citizen [Cathy Gilbertson], hereinafter complainant, filed a complaint alleging that Bergeron had violated Section 12.1–23–06, N.D.C.C., by his unauthorized use of her vehicle. The DWI charge was subsequently dismissed.

On appeal, Bergeron's first contention is that the citizen arrests by Peterson for his alleged commission of the two misdemeanors were unlawful.[1] Under Section 29–06–20, N.D.C.C.,[2] a private person may arrest another for a "public offense committed or attempted in his presence." The term "public offense" includes misdemeanors. *Smith v. Hubbard*, 253 Minn. 215, 91 N.W.2d 756 (1958).

Prior to 1967, a peace officer was authorized to make a warrantless arrest for a public offense under identical statutory language.[3] Before amendment, the rele-

1. The relevant portion of Section 39–08–01, N.D.C.C., reads as follows:

    "*39–08–01. Persons under the influence of intoxicating liquor or controlled substances not to operate vehicle—Penalty.*
    1. No person shall drive or be in actual physical control of any vehicle upon a highway or upon public or private areas to which the public has a right of access for vehicular use in this state if:
    \* \* \* \* \* \*
    (b) He is under the influence of intoxicating liquor;
    \* \* \* \* \* \*
    2. A person violating any provision of this section is guilty of a class B misdemeanor for the first conviction in a twenty-four-month period, and of a class A misdemeanor for the second conviction in a twenty-four-month period...." § 39–08–01(1)(b), (2), N.D.C.C.
    Section 39–06–42, N.D.C.C., reads in pertinent part:

    "*39–06–42. Penalty for driving while license suspended or revoked—Impoundment of vehicle number plates—Authority of cities.*
    1. ... any person who drives a motor vehicle on any public highway of this state at a time when his license or privilege so to do is suspended or revoked shall be guilty of a class B misdemeanor...." § 39–06–41(1), N.D.C.C.

2. Section 29–06–20, N.D.C.C., reads in pertinent part:
    "*29–06–20. When private person may arrest.*—A private person may arrest another:
    1. For a public offense committed or attempted in his presence ...." § 29–06–20(1), N.D.C.C.

3. In *Colling v. Hjelle,* 125 N.W.2d 453 (N.D. 1963), the majority of our court interpreted the statutory language in question as authorizing a warrantless arrest only for offenses actually

vant part of Section 29–06–15, N.D.C.C., read as follows:

"*29–06–15.* *Arrest without warrant.* —A peace officer, without a warrant, may arrest a person:

1. For a public offense, committed or attempted in his presence . . . ."

Section 29–06–15, N.D.C.C., was amended to read in pertinent part:

"*29–06–15.* *Arrest without warrant—* *Peace officer—Officer in the United States customs service or the immigration and naturalization service.*

1. A peace officer, without a warrant, may arrest a person:

a. For a public offense, committed or attempted in the officer's presence; and for the purpose of this subdivision a crime shall be deemed committed or attempted in the officer's presence when what the officer observes through the officer's senses reasonably indicates to the officer that a crime was in fact committed or attempted in the officer's presence by the person arrested." § 29–06–15(1)(a), N.D.C.C.

■ Under Section 29–06–20, N.D.C.C., in order to constitute a valid citizen's arrest, the public offense must have been committed or attempted in the private person's presence. The phrase "in his presence" should be liberally construed. Thus, presence should be determined by whether or not the citizen detected commission of the offense through use of his senses. Restatement (Second) of Torts § 119, comment m (1965); *State v. Govan*, 123 N.W.2d 110, 115 (N.D.1963); *People v. Brown*, 45 Cal.2d 640, 642, 290 P.2d 528, 529 (1955); *Gray v. Earls*, 298 Mo. 116, 250 S.W. 567, 572 (1923). Senses include those of sight, hearing and smell. *People v. Bock Leung Chew*, 142 Cal.App.2d 400, 402–03, 298 P.2d 118, 120 (1956); *Gray v. Earls*, 298 Mo. 116, 250 S.W.

567, 572 (1923); *Johnson v. Jackson*, 140 Ga.App. 252, 230 S.E.2d 756 (1976).

■ Hence, in the case at bar, the crucial question is whether or not Bergeron was committing the misdemeanor of driving without a license within Peterson's presence. Where Peterson saw Bergeron driving complainant's car and was within minutes thereafter informed by a peace officer that Bergeron's license was suspended, it is evident that Peterson's sensory perception alerted her to the fact that Bergeron was driving with a suspended license. Thus, Peterson's citizen arrest of Bergeron for committing the public offense of driving a motor vehicle with a suspended license was valid.

Because the charge of driving a motor vehicle while under the influence of intoxicating liquor was dismissed, we will not discuss that matter in this appeal.

■ Bergeron contends that the trial court erred in admitting into evidence testimony regarding the following: (1) estimated amount of damage to complainant's vehicle; and (2) Bergeron's prior arrest for driving while license suspended. It is well-established that one of the guidelines of an effective appeal on any issue or contention is that the issue on appeal was first appropriately raised in the trial court so that the trial court could have ruled upon it. *State v. McLain*, 301 N.W.2d 616 (N.D.1981); *State v. Helgeson*, 303 N.W.2d 342 (N.D. 1981); *State v. Bartkowski*, 290 N.W.2d 218 (N.D.1980); *State v. Moore*, 286 N.W.2d 274 (N.D.1979), *cert. denied*, 446 U.S. 943, 100 S.Ct. 2170, 64 L.Ed.2d 799 (1980); *State v. Haakenson*, 213 N.W.2d 394 (N.D.1973); *Grenz v. Werre*, 129 N.W.2d 681 (N.D.1964); Rule 103(a)(1), N.D.R.Ev. Our examination of the record discloses that no objections were made to the trial court concerning the

committed in an officer's presence. Arrests could not be based upon reasonable or probable cause. *Colling* at 459.

The legislature, in 1967, amended Section 29–06–15 to permit a peace officer to make a warrantless arrest for a "public offense committed or attempted in his presence" on the basis of reasonable cause. Inasmuch as the

legislature did not amend the identical statutory language in the citizen's arrest statute, we must conclude that it intended to distinguish between a peace officer and citizen's authority to execute a warrantless arrest for a public offense. *See, Cervantez v. J.C. Penney Co., Inc.*, 24 Cal.3d 579, 595 P.2d 975, 156 Cal.Rptr. 198 (1979).

admissibility of this evidence. Therefore, by admitting this testimony into evidence, we find that the trial court did not commit a prejudicial error.

■ Nevertheless, Bergeron asserts that admitting into evidence testimony regarding his prior conviction violates his constitutional right against self-incrimination and is thus reviewable, notwithstanding the fact that counsel failed to make a timely objection. His contention is meritless in this instance because Bergeron was charged with driving a motor vehicle while his drivers license was suspended. In order to do this, the State had to introduce testimony proving that Bergeron's license was currently in a suspended or revoked status. *State v. Ruble,* 77 N.D. 79, 40 N.W.2d 794 (1950).

■ Bergeron asserts that the trial court's judgment was against the weight of the evidence. However, in criminal cases, we have unequivocally held that "at the appellate level we do not substitute our judgment for that of the jury or trial court where the evidence is conflicting, if one of the conflicting inferences reasonably tends to prove guilt and fairly warrants a conviction." *State v. Olmstead,* 246 N.W.2d 888 (N.D.1976), *cert. denied* 436 U.S. 918, 98 S.Ct. 2264, 56 L.Ed.2d 759 (1978); *State v. Neset,* 216 N.W.2d 285 (N.D.1974); *see also, State v. Kaloustian,* 212 N.W.2d 843, 845 (N.D.1973); *State v. Miller,* 202 N.W.2d 673, 676 (N.D.1972); *State v. Champagne,* 198 N.W.2d 218, 226 (N.D.1972); *State v. Carroll,* 123 N.W.2d 659, 668 (N.D.1963). Read-

ing a cold transcript is not "a substitute for hearing and observing witnesses testify." *Olmstead* at 890. Thus, notwithstanding the conflicting evidence and based on the fact that the trial court heard and observed the witnesses, we conclude that the trial court's determination of Bergeron's guilt was supported by sufficient evidence and thus was not against the weight of the evidence.

■ Bergeron requests that we remand so that a restitution hearing can be held pursuant to Section 12.1–32–08, N.D.C.C. Under Section 12.1–32–08, N.D.C.C.,[4] a restitution hearing is required to be held prior to imposing restitution as a sentence. In *State v. Thorstad,* 261 N.W.2d 899 (N.D. 1978), *cert. denied,* 436 U.S. 906, 98 S.Ct. 2237, 56 L.Ed.2d 404 (1978), we said that "... the provisions of Section 12.1–32–08 apply in situations where the defendant either is found guilty or pleaded guilty to a criminal charge and the amounts or the issues of restitution or reparation are uncertain or are in dispute." Both the amount of restitution and also whether or not the alleged damage to complainant's vehicle occurred during Bergeron's unauthorized use of the vehicle are in dispute in the case at bar. The failure to hold a separate restitution hearing may not be prejudicial where the case is resolved through plea bargaining, but this is not such a case.

Thus, we affirm the conviction of guilt but reverse the order of restitution and

---

**4.** Section 12.1–32–08, N.D.C.C., reads in pertinent part:

"12.1–32–08. *Hearing prior to restitution or reparation order—Conditions.*—1. Prior to imposing restitution or reparation as a sentence or condition of probation, the court shall hold a hearing on the matter with notice to the prosecuting attorney and to the defendant as to the nature and amount thereof. At or following the hearing, the court shall make determinations as to:
a. The reasonable damages sustained by the victim or victims of the criminal offense, which damages shall be limited to fruits of the criminal offense and expenses actually incurred as a direct result of the defendant's criminal action.

b. The ability of the defendant to restore the fruits of the criminal action or to pay monetary reparations, or to otherwise take action to restore the victim's property.
c. The likelihood that attaching a condition relating to restitution or reparation will serve a valid rehabilitational purpose in the case of the particular offender considered.
The court shall fix the amount of restitution or reparation, which shall not exceed an amount the defendant can or will be able to pay, and shall fix the manner of performance of any condition or conditions of probation established pursuant to this subsection...."
§ 12.1–32–08(1), N.D.C.C.

remand so that a separate restitution hearing may be held.

VANDE WALLE, PEDERSON, PAULSON and SAND, JJ., concur.

PEDERSON, Justice, concurring specially.

I agree with Chief Justice Erickstad but would add one sentence to the opinion he has authored, to wit: "*Colling v. Hjelle,* 125 N.W.2d 453 (N.D.1963), is hereby overruled."