STATE of North Dakota, Plaintiff and Appellee,

v.

Darryl Wayne POTTER, Defendant and Appellant.

Cr. No. 890275.

Supreme Court of North Dakota.

March 1, 1990.

Charles C. Wilder (argued), Asst. State's Atty., Williston, for plaintiff and appellee.

Anseth & Zander, Williston, for defendant and appellant, argued by Janet Holter Zander, Williston.

LEVINE, Justice.

Darryl W. Potter appeals from a county court judgment of conviction for fleeing a police officer in violation of § 39–10–71, N.D.C.C. We affirm.

At approximately 10 p.m. on July 11, 1989, Williston Police Officer David Belisle was operating a mobile radar unit on a city street when he clocked a motorcycle traveling 45 miles per hour in a 35 mile-per-hour zone. Belisle described the driver of the motorcycle as a white male wearing a baseball cap. When Belisle activated the lights and siren on his patrol car and began to pursue the motorcycle, the suspect accelerated the motorcycle in an attempt to flee. Belisle chased the suspect for several blocks but was unable to apprehend him.

At one point during the pursuit, the suspect tipped the motorcycle over in a large puddle of water in a parking lot. Belisle stopped his patrol car, got out and ran after the individual. Belisle testified that he got within 20 feet of the suspect before the suspect took off again on the motorcycle. Belisle testified that, although it was dusk, it was "still fairly light" outside, that he was able to see the suspect's face, and that he was able to see the license plate of the motorcycle.

After discontinuing the pursuit, Belisle went to the Williston Police Department and ran a check on the motorcycle license number. The records revealed that the motorcycle was registered to Duane Steen. The following day, Belisle visited with Steen who told him that he had recently sold the motorcycle to Potter. Belisle returned to the police department and discovered that Potter had a criminal jacket file with a picture. Belisle compared Potter's picture with what he remembered from the

previous evening. Belisle contacted Potter the next day and served him with a citation for fleeing a police officer.

Belisle was the only person who testified at Potter's county court bench trial. Belisle testified, without objection, that Potter was the driver of the motorcycle he pursued. The county court found Potter guilty of the fleeing charge.

Potter's sole assertion on appeal is that he was denied due process because Belisle's out-of-court identification of him by means of using a single, labeled photograph was suggestive and unreliable under the two-part analysis outlined in *State v. Packineau,* 423 N.W.2d 148 (N.D.1988) [applying *Manson v. Brathwaite,* 432 U.S. 98, 97 S.Ct. 2243, 53 L.Ed.2d 140 (1977), and *Neil v. Biggers,* 409 U.S. 188, 93 S.Ct. 375, 34 L.Ed.2d 401 (1972)]. However, Potter not only failed to object to Belisle's in-court identification of him, but also failed to make a motion to exclude Belisle's identification testimony on this ground either prior to or at the trial.

 Generally, issues not raised before the trial court, even constitutional issues, will not be addressed on appeal. *State v. Prigge,* 437 N.W.2d 520, 521 (N.D. 1989). When, as in this case, an issue has not been properly preserved for review, our inquiry is limited to determining whether the alleged error constitutes obvious error affecting substantial rights of the defendant under Rule 52(b), N.D.R.Crim.P. *State v. Smuda,* 419 N.W.2d 166, 168 (N.D. 1988). The power to notice obvious error is exercised cautiously and only in exceptional circumstances where a serious injustice has been suffered by the defendant. *State v. Haverluk,* 432 N.W.2d 871, 874 (N.D.1988).

Upon examination of the record, we are not convinced that the photographic identification procedure rises to the level of obvious error. It is true that single-photograph identifications should be avoided. *State v. Azure,* 243 N.W.2d 363, 365 (N.D. 1976). Even so, some have been upheld. *E.g., Manson v. Brathwaite, supra; State v. Azure, supra.* Because no hearing on this issue was ever requested, the question was not focused on by counsel and was not placed before the trial court for findings and conclusions on the appropriate factors under *State v. Packineau, supra.* There is nothing beyond the record developed on Potter's attempt to impeach Belisle on cross-examination to aid us in determining whether the out-of-court identification procedure was suggestive and unreliable. Moreover, at least one court, on similar facts where the police officer was both the sole investigator and the sole witness of the offense, has refused to hold that a single-photograph identification procedure like this one was "unnecessarily suggestive" because the officer "could not be found through the photo identification process to have impermissibly suggested *to himself* the person" he saw on the night of the offense. *State v. Manna,* 130 N.H. 306, 539 A.2d 284, 287 (1988) [Emphasis in original]. While the question may be close, on this sparse record, we conclude that it is not obvious error. *E.g., United States v. Jones,* 678 F.2d 102, 106 (9th Cir.1982); *United States v. Sanders,* 547 F.2d 1037, 1040–1041 (8th Cir.1976), *cert. denied,* 431 U.S. 956, 97 S.Ct. 2679, 53 L.Ed.2d 273 (1977).

Accordingly, the judgment is affirmed.

ERICKSTAD, C.J., and GIERKE and MESCHKE, JJ., concur.

VANDE WALLE, J., concurs in the result.