CITY OF FARGO, Plaintiff and Appellee

v.

Charles Herman BOMMERSBACH,
Defendant and Appellant.

Crim. No. 930118.

Supreme Court of North Dakota.

Jan. 18, 1994.

Erik R. Johnson, Asst. City Atty., Fargo,
for plaintiff and appellee.

Robin L. Olson, Nelson Law Office, Fargo, for defendant and appellant; argued by Blair Nelson (third-year law student).

SANDSTROM, Justice.

A jury convicted Charles Herman Bommersbach of driving a motor vehicle while his driver's license was suspended. The trial court sentenced Bommersbach under mandatory minimum sentence provisions of the law. Bommersbach appeals claiming he was not informed of the potential minimum sentence, and the minimum sentence provisions, as applied, were unconstitutional. We affirm. Bommersbach failed to raise his constitutional claim in the trial court, and the record does not support his claim of not being informed of the minimum sentence.

A Fargo police officer stopped Bommersbach on January 2, 1993, because a taillight on Bommersbach's vehicle was not working. A license check revealed Bommersbach's license was under suspension, and Bommersbach was issued a citation for driving while under suspension.

A trial exhibit showed Bommersbach's driver's license had been administratively suspended on July 30, 1992, for 91 days for driving or being in actual physical control of a vehicle while he had a blood alcohol concentration of .10 percent or greater.[1] The same exhibit showed Bommersbach's license was released on February 12, 1993.[2] The jury found Bommersbach guilty of driving while under suspension. The trial court, without objection, sentenced Bommersbach to 30 days in jail with 26 days suspended, the four remaining days to be served consecutively, in accordance with N.D.C.C. § 39–06–42, which provides in part:

"1. Except as provided in chapters 39–16 and 39–16.1 and section 39–06.1–11, any person who drives a motor vehicle on a highway or on public or private areas to which the public has a right of access for vehicular use in this state while that person's license or privilege so to do is suspended or revoked in any jurisdiction is guilty of a class B misdemeanor.

"2. If the suspension or revocation was imposed for violation of section 39–08–01 or equivalent ordinance or was governed by section 39–06–31 or chapter 39–20, the sentence must be at least four consecutive days' imprisonment and such fine as the court deems proper."

Bommersbach appealed from the judgment and sentence, raising the following issues:

"1. Whether the court erred in imposing a mandatory jail sentence where the Defendant was not informed of the mandatory minimum sentence under N.D.Cent.Code Sec. 39–06–42(2)?

"2. Whether using a N.D.Cent.Code Sec. 39–20 administrative suspension of license to mandate the imposition of a jail sentence in a subsequent driving under suspension conviction violates due process, equal protection, right to jury, and/or the right to counsel protections of the United States and North Dakota constitutions?"

Relying on *State v. Gahner*, 413 N.W.2d 359 (N.D.1987); *State v. Edinger*, 331 N.W.2d 553 (N.D.1983); *State v. Gustafson*, 278 N.W.2d 358 (N.D.1979); and *State v. Ruble*, 77 N.D. 79, 40 N.W.2d 794 (1950), Bommersbach contends the trial court erred in imposing a mandatory jail sentence when

---

1. Section 39–08–01(1), N.D.C.C., provides:

"A person may not drive or be in actual physical control of any vehicle upon a highway or upon public or private areas to which the public has a right of access for vehicular use in this state if any of the following apply:

"a. That person has an alcohol concentration of at least ten one-hundredths of one percent by weight at the time of the performance of a chemical test within two hours after the driving or being in actual physical control of a vehicle."

2. Bommersbach's license was not released to him until well after 91 days had passed. However, N.D.C.C. § 39–06–35 provides in part: "When the period of suspension imposed under this title ceases, the operator's license or driving privilege that has been suspended may not be returned or reinstated, and remains under suspension, until the operator pays to the director a reinstatement fee." Bommersbach testified that he paid the reinstatement fee in January 1993. The reinstatement fee was obviously not paid until after Bommersbach's January 2, 1993, citation for driving while under suspension.

he was not informed of the mandatory minimum sentence in N.D.C.C. § 39–06–42. *Gustafson* dealt with post-plea complaint amendments and defendants who were not afforded an opportunity to plead to the amended complaints. No such problems exist in this case. *Gahner, Edinger,* and *Ruble* dealt with offense-enhancing or sentence-enhancing prior convictions, which this Court held must be alleged in the complaint or information or otherwise brought to the attention of a defendant if the State intended to use the prior convictions to enhance either the offense or the sentence upon a subsequent conviction. Section 39–06–42, N.D.C.C., does not involve either offense-enhancing (increasing the classification of the offense) or sentence-enhancing (increasing the maximum sentence) use of a prior conviction. Under N.D.C.C. § 39–06–42(1), driving while one's license is suspended is a class B misdemeanor. N.D.C.C. § 12.1–32–01(6) provides "a maximum penalty of thirty days' imprisonment, a fine of five hundred dollars, or both, may be imposed" upon conviction of a class B misdemeanor. N.D.C.C. § 39–06–42(2) provides a minimum sentence of "at least four consecutive days' imprisonment and such fine as the court deems proper" upon conviction of driving while one's license was suspended if the suspension was imposed for certain offenses, including alcohol-related offenses. Thus, N.D.C.C. § 39–06–42 provides a minimum sentence for a particular type of driving-while-under-suspension conviction; it does not deal with offense-enhancing or sentence-enhancing prior convictions, and *Gahner, Edinger,* and *Ruble* do not apply.

Bommersbach has not drawn our attention to any other decision, statute, or rule requiring notification of the minimum sentence applicable upon conviction by jury.

For a not guilty plea, the Rules of Criminal Procedure do not require specific notice of a mandatory minimum sentence. N.D.R.Crim.P. Rule 10 provides:

"Arraignment must be conducted in open court and consists of reading the indictment, information, or complaint to the defendant or stating to the defendant the substance of the charge and calling on the defendant to plead thereto. The defendant must be given a copy of the indictment, information, or complaint before being called upon to plead. If the defendant appears at the arraignment without counsel, the defendant must be informed of the right to counsel as provided in Rule 44."

■ Rule 10 is modified, by N.D.R.Crim.P. Rule 43(c)(2), to permit arraignment in the defendant's absence, with the written consent of the defendant, for offenses punishable by imprisonment for not more than one year. Rule 10 does not specify that the defendant be advised of a mandatory minimum sentence. *Compare,* Rule 11(b), N.D.R.Crim.P., which provides a court may not accept a plea of guilty without first informing the defendant of any statutory mandatory minimum punishment, if any, for the offense. Rule 11 does not specify such a requirement except for a plea of guilty.

■ For a not guilty plea, due process does not require specific arraignment notification of a mandatory minimum sentence. For arraignment, the United States Supreme Court, *Garland v. Washington,* 232 U.S. 642, 645, 34 S.Ct. 456, 457, 58 L.Ed. 772, 775 (1914), has held:

"Due process of law, this court has held, does not require the state to adopt any particular form of procedure, so long as it appears that the accused has had sufficient notice of the accusation and an adequate opportunity to defend himself in the prosecution."

■ When there is a not guilty plea, even if our rules required specific notice at arraignment of a mandatory minimum sentence, noncompliance would not constitute reversible error absent prejudice to the defendant. *See Garland; US v. Rogers,* 469 F.2d 1317, 1318 (5th Cir.1972); *US v. Romero,* 640 F.2d 1014, 1015 (9th Cir.1981).

■ Furthermore, documentary evidence in the record reflects Bommersbach, through his attorney, had notice there was a mandatory minimum sentence of four consecutive days' imprisonment upon conviction of driving while his license was under suspension for an alcohol-related offense. The "Rule 43 WAIVER OF PERSONAL APPEAR-

ANCE," executed by Bommersbach on January 7, 1993, authorized his attorney "to appear, defend, enter pleas and waive or request a jury trial on my behalf at all stages of the proceedings." Also in the record is a document entitled "CRIMINAL PROCEEDINGS—NOTIFICATION OF RIGHTS AND ACKNOWLEDGMENT" executed by Bommersbach's attorney on January 12, 1993. One of the rights listed in the document is "2. To be informed of the maximum and minimum possible punishment that may be imposed by the court if, convicted or you plead guilty to the offense." Immediately above Bommersbach's attorney's signature on that document on Bommersbach's behalf is the acknowledgment: "I STATE THAT I AM THE DEFENDANT IN A CRIMINAL ACTION, THAT I HAVE READ THIS NOTIFICATION, AND HAVE BEEN ORALLY INFORMED OF THESE RIGHTS BY THE COURT, AND THAT I UNDERSTAND EACH OF THEM."

An attorney has a duty to keep a client informed about the status of a matter and to explain matters so the client can make informed decisions. Rule 1.4, North Dakota Rules of Professional Conduct. The evidence in the record creates a presumption Bommersbach was informed of the minimum mandatory sentence under N.D.C.C. § 39–06–42(2). Absent other evidence controverting this evidence of knowledge, Bommersbach cannot successfully dispute that he was informed of the minimum punishment upon conviction.

 Bommersbach did not provide a transcript of the arraignment, attended by his attorney on his behalf, to controvert the foregoing evidence of knowledge. As we recently said in *Sabot v. Fargo Women's Health Organization*, 500 N.W.2d 889, 892 (N.D. 1993):

"We have previously warned: 'The appellant assumes the consequences and the risk for the failure to file a complete transcript. If the record on appeal does not allow for a meaningful and intelligent review of alleged error, we will decline review of the issue.'" (Citations omitted.)

 The constitutional issues Bommersbach has raised in this appeal were not raised in the trial court and we will not address them. "Generally, issues not raised before the trial court, even constitutional issues, will not be addressed on appeal." *State v. Potter*, 452 N.W.2d 71, 72 (N.D.1990). Under Rule 52(b), N.D.R.Crim.P., we may notice "[o]bvious errors or defects affecting substantial rights" not brought to the attention of the trial court. However, "[t]he power to notice obvious error is exercised cautiously and only in exceptional circumstances where a serious injustice has been suffered by the defendant." *Potter* at 72. This case, in which the trial court, without objection, imposed a mandatory minimum sentence under a statute requiring it to do so, is not such a case.

Affirmed.

MESCHKE and NEUMANN, JJ., and VANDE WALLE, C.J., concur.

LEVINE, J., concurs in the result.