2000 ND 81

**STATE of North Dakota, Plaintiff and Appellee,**

v.

**James REAMANN, Defendant and Appellant.**

No. 990391.

Supreme Court of North Dakota.

April 25, 2000.

David N. Ogren, Herr & Ogren, Wishek, N.D., for defendant and appellant.

Donald R. Becker, State's Attorney, Linton, N.D., for plaintiff and appellee.

**437**

MARING, Justice.

[¶ 1] James Reamann was convicted of simple assault for assaulting Vanessa Grenz. On appeal, he argues the trial court abused its discretion by denying him an opportunity to question Grenz about whether she previously made accusations of assault against other individuals. He asserts he made an offer of proof regarding these previous accusations to the trial court during a bench conference; however, no record was made of the bench conference. The State concedes an offer of proof was made, but disagrees with Reamann as to its substance. Reamann admits he made no attempt to comply with N.D.R.App.P. 10(f), which states:

> If no verbatim record of the evidence or proceedings at a hearing or trial was made or a transcript is unavailable, the appellant may prepare a statement of the evidence or proceedings from the best available means, including his recollection. The statement must be served on the appellee, who may serve objections or propose amendments thereto within 10 days after service. Thereupon the statement and any objections or proposed amendments must be submitted to the trial court for settlement and approval and, as settled and approved, must be filed with the clerk of the supreme court by the appellant within 60 days after the notice of appeal is filed.

Without a record of the offer of proof, Reamann is unable to show the trial court abused its discretion. *See City of Fargo v. Bommersbach,* 511 N.W.2d 563, 566 (N.D. 1994). Therefore, we affirm his conviction.

[¶ 2] GERALD W. VANDE WALLE, C.J., and WILLIAM A. NEUMANN, DALE V. SANDSTROM, and CAROL RONNING KAPSNER, JJ., concur.