STATE of North Dakota, Plaintiff and Appellant,

v.

DuWayne Harland TEIGEN, Defendant and Appellee.

Cr. No. 700.

Supreme Court of North Dakota.

Feb. 28, 1980.

Cynthia A. Rothe, State's Atty., and Bruce D. Quick, Asst. State's Atty., Fargo, for plaintiff and appellant; argued by Bruce D. Quick.

Stefanson, Landberg & Alm, Ltd., Moorhead, Minn., for defendant and appellee; argued by Renee Jeanette Homuth, Moorhead, Minn.

ERICKSTAD, Chief Justice.

This is an appeal from an order of the Cass County Court of Increased Jurisdiction which dismissed a complaint on the grounds that the defendant had been denied a speedy trial. We reverse and remand.

The facts are undisputed. The defendant, DuWayne Harland Teigen, was arrested in Fargo, North Dakota, on August 11, 1978, and issued a citation for driving while under the influence of intoxicating liquors (DWI), in violation of Section 39–08–01, N.D.C.C. He was allowed to post bail and was released approximately one hour after the arrest. An arraignment was held on August 25, 1978, and Teigen entered a plea of not guilty. The case was then placed on the jury calendar for trial.

The case was not called for trial until August 14, 1979, which was the date set for jury selection in all of the cases on that month's term of court. On the morning of August 14, 1979, Teigen's attorney called the State's Attorney's office and said that she would move for an order to dismiss the charge prior to jury selection on the grounds that Teigen had been denied his constitutional right to a speedy trial.

The motion was heard the afternoon of August 14, 1979, and the trial court thereafter dismissed the case. The State appeals from the order of dismissal.

▮ An order dismissing a complaint has the effect of quashing it and is therefore appealable under Section 29–28–07(1) of the North Dakota Century Code. *State v. Jelliff*, 251 N.W.2d 1 (N.D.1977).

The State argues that the trial court committed procedural error by not allowing the State sufficient time to prepare for the motion to dismiss. The State contends that, pursuant to Rule 45(d) of the North Dakota Rules of Criminal Procedure, a party is entitled to at least five days notice prior to a hearing on a motion.

Rule 45(d), N.D.R.Crim.P., in pertinent part, provides:

"(d) For Motions; Affidavits. A written motion, other than one which may be heard ex parte, and notice of the hearing thereof shall be served not later than five days before the time specified for the hearing unless a different period is fixed by rule or order of the court."

This rule is an adaptation of Rule 45(d) of the Federal Rules of Criminal Procedure, and is similar to the corresponding provision under the civil rules—Rule 6(d) of the North Dakota and Federal Rules of Civil Procedure. We are unaware of any cases interpreting the pertinent provisions of Rule 45(d), N.D.R.Crim.P., or Rule 6(d), N.D.R.Civ.P. Therefore, decisions which have interpreted the five-day notice provision under the Federal Rules may be helpful.

Federal courts have determined that the five-day notice period prescribed by Rule 45(d) of the Federal Rules of Criminal Procedure should be adopted as the standard. *In re Weeks*, 570 F.2d 244 (8th Cir. 1978); *United States v. Alter*, 482 F.2d 1016 (9th Cir. 1973).

Similarly, federal courts have generally construed Rule 6(d) of the Federal Rules of Civil Procedure liberally so as to permit notice of less than five days when it seems desirable to do so and there is sufficient time for all parties to prepare for the hearing on the motion. 4 Wright & Miller, Federal Practice and Procedure: Civil § 1169 (1969). The five-day notice is not a hard and fast rule. Technical compliance may be dispensed with if "it is shown that a party had actual notice and time to prepare to meet the questions raised by the motion of an adversary . . . ." *Marshall Durbin Farms, Inc. v. National Farmers Org., Inc.*, 446 F.2d 353, 358 (5th Cir. 1971), *citing Herron v. Herron*, 255 F.2d 589, 593 (5th

Cir. 1958); 4 Wright & Miller, Federal Practice and Procedure: Civil § 1169 (1969).

In the instant case, the State was first afforded notice of the motion to dismiss on the morning of August 14, 1979, the date set for jury selection. A hearing on the motion was held that afternoon and the case was dismissed thereafter.

■ There are four factors to be assessed by the trial court in determining whether or not a defendant has been deprived of his right to a speedy trial. These factors are: length of delay; the reason for the delay; the defendant's assertion of his right; and prejudice to the defendant. *Barker v. Wingo*, 407 U.S. 514, 92 S.Ct. 2182, 33 L.Ed.2d 101 (1972); *State v. Erickson*, 241 N.W.2d 854 (N.D.1976).

These four factors are related and must be considered together with other relevant circumstances. The trial court must then engage in a difficult and sensitive balancing process. *Barker v. Wingo*, 407 U.S. at 533, 92 S.Ct. at 2193, 33 L.Ed.2d at 118; *State v. Erickson*, 241 N.W.2d at 859.

We are also mindful of the standards relating to speedy trials which have been approved by the American Bar Association. Particularly pertinent is Section 2.3 of those standards which is entitled "Excluded periods" and provides:

"The following periods should be excluded in computing the time for trial:

\*　　\*　　\*　　\*　　\*　　\*

"(b) The period 'of delay resulting from congestion of the trial docket when the congestion is attributable to exceptional circumstances.

\*　　\*　　\*　　\*　　\*　　\*

"(h) Other periods of delay for good cause." American Bar Association, Project on Minimum Standards for Criminal Justice, Standards Relating to Speedy Trial, Section 2.3 (1968).

We believe that the State should have had a reasonable opportunity to prepare to meet the questions raised by Teigen's motion to dismiss for lack of a speedy trial. Even though the record indicates that the trial court was cognizant of the four factors to be weighed and assessed in determining whether or not the defendant had been deprived of his right to a speedy trial, the State should have at least been afforded the occasion to prepare a brief in opposition to the motion which addressed each of the four factors to be assessed, as well as other relevant circumstances. The ABA Standards, referred to above, provide that periods of delay resulting from congestion of the trial docket, when the congestion is attributable to exceptional circumstances, or other periods of delay for good cause, should be excluded in the computation of time for trial. The State was at least entitled to show that the period of delay in the instant case, which apparently resulted from congestion of the trial docket, may have been attributable to exceptional circumstances or good cause.

■ We find no justification for allowing a party less than one day to prepare to meet questions raised by an adversary on a motion to dismiss for lack of a speedy trial. As we are aware of nothing which required or justified the summary treatment afforded in this case, we conclude that the trial court abused its discretion in dismissing the complaint without first affording the State a reasonable time to (1) investigate the circumstances surrounding the delay, (2) prepare a response if that were found to be appropriate, and (3) support the response with a brief and oral argument.

■ The court can dismiss a complaint pursuant to Rule 48(b) of the North Dakota Rules of Criminal Procedure if there has been unnecessary delay in bringing a defendant to trial. Rule 48(b) is a restatement of the authority of the court to dismiss a case for want of prosecution. The dismissal can occur whenever there has been unnecessary delay, and the court need not decide whether the delay was of such a nature as to deprive the defendant of a constitutional right. *State v. Erickson*, 241 N.W.2d at 859. Notwithstanding that fact, the facts disclosed by the record in this case do not justify the action taken by the court.

At the close of oral arguments Teigen's attorney argued a motion made earlier to this court wherein she asked that "the opinion issued as a result of this appeal refer to the defendant by his initials only or in the alternative that the opinion refer to the defendant as John Doe." No statutory authority, case law, or constitutional basis was cited in support of the motion. Instead, counsel asserted that Teigen is a sensitive individual who has already been deeply humiliated by the course of events. She contends that Teigen has already suffered considerable prejudice as a result of the delay while awaiting trial, and that additional prejudice could be avoided if this court's opinion were printed using only the defendant's initials, or if he were referred to as John Doe.

 The publication of judicial proceedings may be to the disadvantage of a particular individual. However, such proceedings are events of legitimate public concern. It is important both to the community and to the criminal process that the public be informed of events that transpire in the courtroom. Information pertaining to the name of an *adult* criminal defendant and the crime for which he has been charged are matters within the public domain revealed on official court records.[1] The First and Fourteenth Amendments to the United States Constitution do not permit a state court to prohibit the publication of information at court proceedings which were open to the public. Once truthful information is "publically revealed" or "in the public domain", the court cannot constitutionally restrain its dissemination. *Okl. Pub. Co. v. Dist. Court in & For Oklahoma City*, 430 U.S. 308, 97 S.Ct. 1045, 51 L.Ed.2d 355 (1977); *See Smith v. Daily Mail Publishing Co.*, 443 U.S. 97, 99 S.Ct. 2667, 61 L.Ed.2d 399 (1979); *Nebraska Press Ass'n v. Stuart*, 427 U.S. 539, 96 S.Ct. 2791, 49 L.Ed.2d 683 (1976); *Cox Broadcasting Corp. v. Cohn*, 420 U.S. 469, 95 S.Ct. 1029, 43 L.Ed.2d 328 (1975).

 There is nothing that proscribes the press from reporting events which transpire in the courtroom. *Sheppard v. Maxwell*, 384 U.S. 333, 86 S.Ct. 1507, 16 L.Ed.2d 600 (1966). What transpires in the courtroom is deemed to be public property. *Craig v. Harney*, 331 U.S. 367, 67 S.Ct. 1249, 91 L.Ed. 1546 (1947). Further, "[t]here is no special perquisite of the judiciary which enables it, as distinguished from other institutions of democratic government, to suppress, edit, or censor events which transpire in proceedings before it." *Craig v. Harney*, 331 U.S. at 374, 67 S.Ct. at 1254, 91 L.Ed. at 1551.

Some courts have held that a trial court may, in its discretion, exclude the public from the courtroom under certain circumstances. For example, some courts have held that the public may be excluded where it is necessary to prevent overcrowding or to preserve order and decorum in the courtroom; where it is necessary to prevent embarrassment or emotional distress to a witness because of the nature of the testimony, or because of the witnesses' age, maturity or temperament. Further, courts have held that the public may be excluded from the trial of certain sex offenses. *See* 3 C. Torcia, Wharton's Criminal Procedure § 439 (1975). *See generally*, Annot., 49 A.L.R.3d 1007 (1973); Annot., 48 A.L.R.2d 1436 (1956); on sex cases, Annot., 39 A.L.R.3d 852 (1971). However, these circumstances are not present in this case.

The proper administration of justice is the concern of the judiciary, the bar, law enforcement personnel, news media, and the public.

The Fair Trial Free Press Council of North Dakota has prepared recommended guidelines relating to adult criminal proceedings, of which we take judicial notice. The Council has recognized that the public in a democratic society has the right to be informed about crime, law enforcement,

---

1. Proceedings under the Uniform Juvenile Court Act involving delinquent acts of juvenile offenders, however, are closed to the general public. Section 27–20–24(5), N.D.C.C. Further, the name of a child shall not appear on the record on appeal to the Supreme Court. Section 27–20–56(1), N.D.C.C.

**246** ■

and the administration of justice. Therefore, the Council has recommended that when and after an arrest is made, the following information should be made available for publication:

"(A) The Accused's name, age, residence, employment, marital status and similar background information.

"(B) The substance or text of the charge, such as is, or would be contained in a complaint, indictment, or information.

"(C) The identity of the investigating and arresting agency and the length of the investigation.

"(D) The circumstances immediately surrounding an arrest, including the time and place of arrest, resistance, pursuit, possession and use of weapons, and a description of items seized at the time of arrest."

■ We are unaware of any statute, case, or constitutional basis in support of Teigen's motion, nor has counsel referred us to any such authority. We are aware of a trend towards secrecy in criminal proceedings which some courts may have expanded beyond the pretrial hearing into the trial stage of criminal justice. This trend has escalated due to confusion arising out of the recent United States Supreme Court decision in *Gannett Co. Inc. v. DePasquale,* 443 U.S. 368, 99 S.Ct. 2898, 61 L.Ed.2d 608 (1979). *Gannett* is clearly distinguishable from this case. *Gannett* involved charges against the defendants of second degree murder, robbery and grand larceny. In *Gannett,* defense counsel in conjunction with a pretrial motion to suppress evidence alleged to have been unconstitutionally obtained, requested that the public and the press be excluded from the hearing to avoid adverse publicity which might jeopardize the ability of the defendants to receive a fair trial. The State did not object. The trial court granted the motion and this was affirmed by the United States Supreme Court. In the instant case, the State does object and no contention has been made that the publicity arising from this hearing will jeopardize Teigen's ability to receive a fair trial. Therefore, the motion seeking to preserve the anonymity of the defendant is denied.

The order of the Cass County Court of Increased Jurisdiction is reversed and the case is remanded for a rehearing on the motion to dismiss consistent with this opinion.

SAND, PAULSON, PEDERSON and VANDE WALLE, JJ., concur.