**STATE of North Dakota, Plaintiff and Appellant,**

v.

**John G. PRESBUCH, Defendant and Appellee.**

**Cr. No. 1060.**

Supreme Court of North Dakota.

April 24, 1985.

Tom P. Slorby, State's Atty., Minot, for plaintiff and appellant State of North Dakota; on brief.

E.J. Bosch, Minot, for defendant and appellee; on brief.

VANDE WALLE, Justice.

The State appealed from the order of the Ward County court dismissing a Class A

misdemeanor charge against John G. Presbuch of failing to perform a duty upon striking an unattended vehicle as required by Section 39–08–07, N.D.C.C. We affirm.

Briefly stated, the facts of this case are as follows. The State originally charged Presbuch with violation of Section 39–08–07 by means of a complaint dated January 4, 1982. The complaint stated that on December 26, 1981, Presbuch failed to give notice as required by Section 39–08–07 after his vehicle had collided with an unattended vehicle.

On January 5, 1982, Presbuch was served with a warrant and arrested. At that time, Presbuch signed an acknowledgment to appear in court on January 21, 1982. Counsel for Presbuch appeared on January 21, 1982, and entered a plea of not guilty. Presbuch claims that the trial court advised his counsel that he would be notified of the trial date.

The records of the Ward County court apparently did not reflect the January 21, 1982, initial appearance. Instead, the court sent a letter to Presbuch notifying him of a February 15, 1984, scheduled initial appearance. Neither Presbuch nor his counsel appeared before the court on February 15. The court subsequently set a trial date for March 30, 1984. At that time counsel for Presbuch was present but Presbuch was not. Counsel moved the court to dismiss the charge because Presbuch, a member of the U.S. Air Force, had been transferred in December 1983 to Germany and he could not be present for trial. Counsel argued that under Rule 43, N.D.R.Crim.P., Presbuch had the right to be present at trial. Presbuch had not executed a written consent to permit arraignment, plea, trial, and imposition of sentence in his absence. Counsel additionally argued that the court should dismiss the charge on Sixth Amendment speedy-trial grounds, that under Rule 50, N.D.R.Crim.P., criminal cases must be given preference in the interest of justice, and that under Section 3 of AR–12, North

Dakota Docket Currency Standards for District Courts and County Courts, criminal cases are to be given quick disposition. Counsel for Presbuch thus argued that if the court were to require Presbuch to return for trial it would be a gross injustice resulting in a great deal of expense for Presbuch and possibly jeopardizing his military career.

The State resisted the motion to dismiss on several grounds: The State had never asked for a continuance in this case; Presbuch never filed a demand for a speedy trial and he thus had waived his right to a speedy trial; and the State had made a good-faith effort to afford Presbuch a speedy trial by requesting on two separate occasions that the court set an early trial date.

The trial court subsequently dismissed the charge against Presbuch because he was stationed in Germany and there was no way to force his return.

The State contends on appeal that the trial court erred in dismissing the criminal complaint against Presbuch. It is the State's position that the trial court was without authority to dismiss the charge against Presbuch. We disagree. Rule 48(b), N.D.R.Crim.P., clearly permits a trial court to dismiss the complaint if there is unnecessary delay in bringing a defendant to trial. The basic factors considered relevant in determining whether or not the right to a speedy trial has been denied include: length of the delay, reason for the delay, assertion of the right by the defendant, and prejudice to the defendant. *State v. Wunderlich*, 338 N.W.2d 658 (N.D.1983), citing *Barker v. Wingo*, 407 U.S. 514, 92 S.Ct. 2182, 33 L.Ed.2d 101 (1972). We indicated in *Wunderlich* that the factors are related and must be considered together with other relevant circumstances and the trial court must then engage in a difficult and sensitive balancing process.

Because the delay was not caused by any conduct of the State, the State asserts, with some justification, that the case should not be dismissed.[1] However,

---

1. In fact, approximately a year and a half and again approximately a year before the charge

was dismissed the State's Attorney, by letter,

neither was the delay caused by the defendant's conduct, although he did not press his right to a speedy trial. The State also asserts that the defendant has shown no legal prejudice that resulted from the delay. The defendant is presently serving in Europe and was transferred there by the United States Air Force. The cost in requiring him, if it were possible, to return to face trial obviously would be considerable. If, as defendant's attorney alleges, he cannot appear for trial, the legal prejudice is also obvious.

We must agree with the State that dismissal of cases because of the overcrowded docket of the court should not routinely be used to reduce that docket. In this instance we do not believe that was the intent of the trial court; rather, we believe that after engaging in the balancing process required by *Wunderlich, supra,* the trial court determined that under the peculiar facts of this case, the charge should be dismissed. We cannot conclude that the trial court abused its discretion in reaching that determination.

The order is affirmed.

ERICKSTAD, C.J., and LEVINE and GIERKE, JJ., concur.

MESCHKE, Justice dissenting.

Obviously, the delay here was not attributable to the prosecution. The office of the State's Attorney twice requested in writing that a trial date be set in this case, as well as others, on April 14, 1983, and November 14, 1983. And, the defendant did not demand a speedy trial; *State v. Wunderlich,* 338 N.W.2d 658 (N.D.1983).

While a trial court "can dismiss whenever there has been unnecessary delay without being required to decide whether the unnecessary delay was of such a nature as to deprive the defendant of a constitutional right," (Explanatory Note, Rule 48, Dismissal, North Dakota Rules of Criminal Proce-

dure; *see State v. Erickson,* 241 N.W.2d 854, 859 (N.D.1976)) it is not clear to me that it can do so when the reasons for the delay in scheduling trial are not apparent from the record, as in this case.

Therefore, I would reverse. I dissent.

---

informed the trial court that this case, as well as several others, remained open and that no trial dates had been set. It appears that the interest of the State's Attorney is not so much that the order dismissing this particular charge be reversed but rather that we be made aware that

this is only a part of a greater problem and that action to alleviate the problem should be instituted. We have been made aware of the problem and we trust it will be rectified through other means instituted by this court and the County Commissioners of Ward County.