STATE of North Dakota, Plaintiff and Appellee,

v.

Dallas LITTLEWIND, Defendant and Appellant.

Cr. No. 870112.

Supreme Court of North Dakota.

Dec. 29, 1987.

Broden and Broden by Leo Broden, Devils Lake, for defendant and appellant.

Lewis C. Jorgenson, State's Atty., Devils Lake, for plaintiff and appellee.

LEVINE, Justice.

Dallas Littlewind appeals from a judgment of conviction entered upon a jury verdict finding him guilty of driving while under the influence of intoxicating liquor (DUI), in violation of Section 39–08–01, North Dakota Century Code. We affirm.

On March 22, 1986, Fort Totten Bureau of Indian Affairs Officer Charnoski received a dispatch of a possible drunk driver heading north on Highway 57 in Fort Totten. The dispatcher identified the vehicle and license number. Charnoski located the vehicle operated by Littlewind and observed it weave several times over the center line and over the white shoulder line. He activated the red lights atop his marked patrol car and when it appeared that Littlewind was not going to stop within Reservation boundaries, Charnoski radioed Devils Lake for assistance. He continued his pursuit for two or three miles, until Littlewind pulled over in Ramsey County.

Charnoski testified that Littlewind got out of his vehicle and staggered toward Charnoski. Littlewind had difficulty standing and difficulty in finding and removing his driver's license from his wallet. His breath smelled of alcohol and his eyes were bloodshot. He became angry, waving his arms and shouting that Charnoski was without "jurisdiction" to stop him. Charnoski subdued Littlewind, frisked and handcuffed him, and placed him in the back seat of the patrol car.

North Dakota Highway Patrol officer Nelson arrived in response to Charnoski's earlier call for help. After briefing by Charnoski, Nelson arrested Littlewind and took him to Devils Lake, where Littlewind was tested and videotaped. Nelson charged Littlewind with DUI—fifth offense.

After many delays, trial was held on April 15, 1987. The jury took fifteen min-

utes to render a guilty verdict. Littlewind was sentenced to one year in jail with all but 120 days suspended, a fine of $1,000 and work release.

## I. Illegal Arrest

Littlewind first argues that the trial court erred in denying his motion to suppress evidence obtained through the BIA officer's illegal extraterritorial arrest. The State concedes that Charnoski did not have statutory authority to act as a police officer in Ramsey County; nor was he cross-deputized. The State contends that the trial court was correct in concluding that Charnoski made a valid citizen's arrest.

▉▉▉ The general rule is that a police officer acting outside of his jurisdiction is without official capacity and without official power to arrest, *e.g., State v. McDonald,* 260 N.W.2d 626 (S.D.1977); *see generally* Annot. 34 A.L.R.4th 328 (1984). However, a police officer acting outside of his jurisdiction has the same power of arrest as does a private citizen. *State v. Filipi,* 297 N.W.2d 275 (Minn.1980).

▉▉▉ Section 29-06-20, North Dakota Century Code, authorizes a private person to arrest another "[f]or a public offense committed or attempted in his presence...." A misdemeanor is a public offense. *State v. Bergeron,* 326 N.W.2d 684 (N.D.1982).

▉▉▉ Littlewind's only argument on appeal is that because Charnoski used the "incidents of an officer's authority," that is, police car, red lights, uniform, badge and handcuffs, to effect the arrest of Littlewind, the BIA officer may not be treated as a private citizen.[1]

There is a line of cases from the Florida appellate courts which holds that officers acting "under color of office," that is, within their official capacity as police officers, may not make valid citizens' arrests. *E.g., State v. Crum,* 323 So.2d 673 (Fla.App.

1975); *Marden v. State,* 203 So.2d 638 (Fla. App.1967); *Collins v. State,* 143 So.2d 700 (Fla.App.1962). However, a more recent expression by the Florida appellate court appears to limit application of the "under color of office" doctrine to circumstances where officers, outside of their jurisdiction, and not in fresh pursuit, use the powers of their office to gather evidence or ferret out criminal activity not otherwise observable. *State v. Phoenix,* 428 So.2d 262 (Fla.App. 1982).

Here, Charnoski was in fresh pursuit of Littlewind whom he observed weaving, speeding and driving erratically. Thus, the Florida rule would not invalidate the citizen's arrest in this case. We can infer neither hint of subterfuge, plot or scheme to purposely evade the law nor other police conduct that warrants our resort to the Florida rule. We therefore decline to adopt it. We hold that the trial court did not err in denying the motion to suppress.

## II. Speedy Trial

▉▉▉ Littlewind claims violation of his right to a speedy trial guaranteed under the sixth amendment to the United States Constitution made applicable to the states under the fourteenth amendment and available also under NDRCrimP 48(b). Our analysis is based on the following chronology of events.

After his arrest on March 22, 1986, Littlewind requested a continuance to enter a plea. On April 21, 1986, Littlewind appeared with counsel and informed the court that he would be filing a motion to suppress. Subsequently, the motion to suppress was filed and a hearing was held on May 28, 1986. Post-hearing briefs were submitted and on July 14, 1986, the trial court issued its order denying the motion.

On January 1, 1987, the court ordered the case to be tried by jury on February 20, 1987. On February 2, the State moved for

---

1. A private person's authority to make a warrantless arrest for a misdemeanor is more limited than that of a police officer. *State v. Bergeron,* 326 N.W.2d 684 (N.D.1982). A police officer may arrest with probable cause, but a private person may arrest only when the misdemeanor is actually committed or attempted in his presence. *Id.* No issue having been raised whether a private citizen could have either stopped or arrested Littlewind under the circumstances in this case, we do not address those questions.

continuance and the trial was rescheduled for March 18 at 9:00 a.m.

On February 12, 1987, Littlewind moved to dismiss, claiming violation of his right to a speedy trial. The motion was denied on February 20, 1987.

Littlewind did not timely appear for the trial scheduled for March 18 at 9:00 a.m. The trial court revoked the surety bond, issued a bench warrant and rescheduled the trial for April 15, 1987.

■ While NDRCrimP 48(b) authorizes the trial court to dismiss an unnecessarily delayed case without regard to whether a constitutional right was violated, the framework for the trial court's analysis is the same no matter whether the claimed violation is based on the sixth amendment or on Rule 48(b). *See, State v. Runck*, 418 N.W.2d 262 (1987), and cases cited therein. In resolving a claim of violation of the right to speedy trial, the trial court must evaluate four factors: length of delay, reason for delay, defendant's assertion of the right and prejudice to the defendant. *State v. Teigen*, 289 N.W.2d 242 (N.D.1980). The process is one of balancing and weighing. *Id.* No single factor is controlling. *State v. Runck, supra.*

There was considerable delay from the time of the charge to the time of trial, a period of thirteen months. However, any delay occurring before July 14, 1986, and after March 18, 1987 was ascribable to the defendant and, therefore, appropriately weighed against him in the balancing process. *State v. Runck, supra.* The trial court assumed responsibility for much of the delay that occurred after the July 14th denial of the motion to suppress. That delay occurred because of a contested judicial election which engendered a hard-fought campaign and election of a new judge.

■ However, Littlewind did not assert his right to a speedy trial until February 1987. A defendant may waive the right to speedy trial by failing to demand a prompt trial. *See State v. Wunderlich*, 338 N.W. 2d 658 (N.D.1983). The trial court made no finding of waiver, but instead determined that Littlewind failed to establish prejudice. We agree with the trial court's reasoning that "a mere allegation of faded memories" is insufficient to establish prejudice where there is no identification of the affected witnesses or description of their testimony. While actual prejudice alone may be sufficient to weigh the balance in favor of a defendant, *State v. Presbuch*, 366 N.W.2d 794 (N.D.1985), the absence of prejudice, in conjunction with an eleventh hour assertion of the right to a speedy trial, clearly weighs against defendant's claim.

We conclude the trial court did not err in denying the motion to dismiss.

### III.   Evidentiary Objections

■ Littlewind argues that the trial court erred in overruling his foundation objections to admission of the Intoxilyzer test results. He refers us to several pages of the transcript for the grounds of his objections. It is difficult to discern from the transcript or the brief just what his objections were and what his arguments are based on.

We hazard an interpretation that Littlewind claims that no list of certified Intoxilyzers was offered by the State and no identification was made of the particular Intoxilyzer used to test Littlewind. However, the trial court required foundational evidence to be supplied and the State then adduced such testimony from the testing officer.

Resolution of Littlewind's other evidentiary claims would have no effect on our conclusion that the trial court did not abuse its discretion in admitting in evidence the test results.

### IV.   Videotape

■ Littlewind asserts that the trial court erred in allowing the jury to view a silent videotape. The videotape portrays Littlewind taking the Intoxilyzer test. The officer who was present during the taping testified to its accurate portrayal of Littlewind's conduct and condition at the time the tape was made. This testimony fulfills the authentication requirement that the matter in question is what its proponent

claims. North Dakota Rule of Evidence 901(a) and (b)(1). Littlewind argues that because he was responding to the officer's instructions, those instructions should have been recorded to ensure that the officer did not instruct Littlewind to "act like you are drunk." Those are matters to be inquired about in cross-examination and go to weight, not admissibility. *See Matter of Estate of Raketti,* 340 N.W.2d 894 (N.D. 1983). Littlewind also claims that the videotape was viewed under distracting and inadequate conditions. We leave the method of presentation of the tape to the discretion of the trial court. NDREv 611(a).

We conclude there was no abuse of discretion.

### V. Bond Forfeiture

Littlewind next argues that it was an abuse of the trial court's discretion to "assess costs" for his failing to appear for jury trial scheduled on March 18. Littlewind has provided no transcript of any relevant proceedings. We have said that a party claiming that the trial court erred on factual matters "must present and point out evidence in the record supporting the contention." *Owan v. Kindel,* 347 N.W.2d 577, 579 (N.D.1984). Unless the record allows for meaningful and intelligent review of an alleged error, we will decline to review. *Sykeston Township v. Wells County,* 356 N.W.2d 136 (N.D.1984), quoting *Bye v. Elvick,* 336 N.W.2d 106 (N.D.1983).

The record establishes only that the court declared Littlewind's bail bond forfeited because of Littlewind's failure to appear. We find no abuse of discretion in this regard.

### VI. Sentence

Littlewind argues that the State's failure to provide him with documentary evidence of his prior convictions, which he requested, "misled" him and should preclude use of those prior convictions for enhancement purposes. Before trial, Littlewind had been given a copy of his driving record abstract which showed two prior convictions. Because he was charged in this case with a fifth offense, he requested "proof" of the other prior convictions upon which the State relied. Apparently, the State did not furnish the "proof."

At the sentencing hearing, the court relied on its court docket sheets and concluded there were only two valid prior convictions under *State v. Orr,* 375 N.W.2d 171 (N.D.1985). The docket sheets are public records to which Littlewind had reasonable access. *See generally Berger v. State Highway Commissioner,* 394 N.W.2d 678 (N.D.1986). Yet, when Littlewind complained that he was "unaware" of the court's records, and therefore unprepared, the court offered a continuance. Littlewind rejected the offer.

We conclude that Littlewind's claim of being misled is without merit.

The judgment is affirmed.

VANDE WALLE, GIERKE and MESCHKE, JJ., and PEDERSON, Surrogate Justice, concur.

PEDERSON, Surrogate Justice, sitting in place of ERICKSTAD, C.J., disqualified.