STATE of North Dakota, Plaintiff
and Appellee,

v.

Clayton RUNCK, Jr., Defendant
and Appellant.

Cr. No. 1203.

Supreme Court of North Dakota.

Dec. 29, 1987.

James F. Twomey, Asst. States Attorney, Fargo, for plaintiff and appellee; argued by James F. Twomey.

Warren C. Sogard, Fargo, for defendant and appellant; argued by Warren C. Sogard.

ERICKSTAD, Chief Justice.

Defendant, Clayton Runck, Jr., appeals from a district court order denying his motion for dismissal of the criminal charges against him. On appeal and in his motion for dismissal, Runck contends his motion should have been granted because the State denied him a speedy trial under the Sixth and Fourteenth Amendments of the United States Constitution and Rule 48(b) of the North Dakota Rules of Criminal Procedure. We disagree and, accordingly, affirm the order of the trial court.

By criminal complaint dated March 12, 1985, Clayton Runck, Jr., Clinton Kopp, and Terry Kopp were charged with conspiracy

to commit arson and accomplice to arson.[1] Runck was ultimately found guilty of both counts in a separate trial on August 15, 1986. He was sentenced to serve eight years in the State Penitentiary on November 10, 1986. On June 26, 1986, the trial court heard a post-conviction motion filed by Runck which claimed denial of a speedy trial under the Sixth Amendment of the United States Constitution.

As time is a crucial element in any claim based on denial of speedy trial, we shall examine the seventeen-month delay between the criminal complaint and trial, and the causes thereof. Following the complaints in March of 1985, all three of the defendants were bound over to district court on April 24, 1985. All defendants appeared for arraignment on May 14, 1985, before Lawrence A. Leclerc, Judge of the District Court of Cass County, East Central Judicial District. On May 30, 1985, the State demanded a change of judge. Judge Michael O. McGuire was appointed on June 5, 1985, but he recused himself. Presiding District Judge Norman J. Backes was then designated to preside in the case. Runck later demanded a change of judge on July 12, 1985. Pursuant to Runck's request, we appointed, on July 22, 1985, District Judge Robert L. Eckert of the Southeast Judicial District to hear the charges against Runck.

Defendant Runck pled not guilty to both counts of the information. Judge Leclerc had previously set June 3, 1985, as a deadline for pre-trial motions. On June 12, 1985, Runck filed a demand for speedy trial with the district court.

At the initial stage of the proceedings Runck was represented by Brian C. Southwell of Minneapolis, Minnesota. At a hearing on September 20, 1985, the court learned that Mr. Southwell's license would be suspended and therefore Runck would need another attorney to go forward with his defense. The court ordered Runck to employ another attorney and continued the motion hearing until October 10, 1985, by which time Runck had retained Benjamin S. Houge, also of Minneapolis, Minnesota.

At the October 10, 1985, hearing, attorney Houge demanded a change of venue. On November 6, 1985, the trial court granted the motion for a change of venue along with co-defendant Terry Kopp's motion for severance of her case. The next day, November 7, 1985, the trial court set Runck's trial for January 3, 1986.

At a December 30, 1985, hearing the parties presented a plea agreement to the court. The agreement provided in part:

"I) The Defendant will enter a plea of guilty to the charge of Conspiracy to Commit Arson as charged in count one of the Criminal Information.

\* \* \* \* \* \*

"IV) The Defendant shall testify truthfully in any statement, hearing, or trial when such testimony is required by the State of North Dakota as to his involvement and any other person's involvement in the fire that destroyed the Clinton and Terry Kopp residence located in Pleasant View Township, Cass County, North Dakota, on April 17, 1983 and which is the subject of Count One and Count Two of the Criminal Information in this case.

"V) That sentencing of the Defendant Clayton Runck, Jr. shall be delayed by the Court until such times as the pending trials against the co-defendants Clinton Kopp and Terry Kopp which have been scheduled for trial have been disposed of before the Court."

The trial court did not expressly reject or accept the plea agreement at the hearing of December 30, 1985. The court in essence conditioned acceptance of the plea agreement signed by Runck and his attorney, as well as an assistant states attorney, upon Runck's truthful testimony at the trial of Terry Kopp.[2]

---

**1.** Defendants Clinton and Terry Kopp were also charged with attempted theft of property in connection with an alleged fraudulent insurance claim for damage to personal property resulting from a fire in their home.

**2.** The full text of the plea agreement is as follows:

"I) The Defendant will enter a plea of guilty to the charge of Conspiracy to Commit Arson as charged in count one of the Criminal Information.

During the trial of co-defendant, Terry Kopp, on March 3, 1986, the State called defendant Runck to testify. Runck refused to testify, asserting the right against self-incrimination under the United States and North Dakota Constitutions. The State moved for rejection of the plea agreement, citing Runck's refusal to testify as an express violation of paragraph "IV" of the plea agreement. The court rejected the plea agreement on July 9, 1986, and scheduled Runck's trial for August 12, 1986.

The parties disagree about the effect of the plea agreement on Runck's claim for a speedy trial. The State contends Runck waived his right to a speedy trial by entering a voluntary plea of guilty. Runck contends the agreement did not constitute a waiver because the trial court declined to accept or reject the plea agreement.

Runck concedes that he is not free from blame for the delay between May and December of 1985, but contends the State is responsible for the delay from the beginning of January up to his motion for dismissal on June 26, 1986. The basis of Runck's contention is that the trial court failed to accept or reject Runck's plea agreement during the December 30, 1985, plea agreement hearing, leaving Runck "in the 'twilight zone' while the Court took up the other defendants."[3] The trial court apparently conditioned acceptance of the plea agreement on Runck's truthful testimony at any trial of any person's involvement in the fire that destroyed the Clinton and Terry Kopp residence. By preconditioning acceptance, the trial court may have unintentionally deprived Runck of the certainty a plea agreement is expected to provide.

We acknowledge Runck's possible dilemma, but find that it is one he created and perpetuated. Runck contends he was not clear about the status of his plea agreement after the December 1985 hearing, yet, he did not clearly signal by motion or otherwise attempt to clarify the status until June 26, 1986. Runck now contends the trial court should have unequivocally accepted or rejected the plea agreement and delayed sentencing until the pre-sentence investigation was submitted. Runck's contention ignores the flexibility that Rule 11(d)(2), N.D.R.Crim.P., is intended to afford trial courts.

Rule 11(d)(2) provides in part: "[T]he [trial] court may accept or reject the agreement, or may defer its decision as to acceptance or rejection until receipt of a pre-

---

"II) That the State will move the Court for a dismissal of the offense of Accomplice to Arson as charged in Count Two of the Criminal Information.

"III) That the parties will jointly recommend to the Court that the defendant will be sentenced to the North Dakota State Penitentiary in Bismarck, North Dakota for a period of four and one-half years; said sentence to be served concurrently with the federal sentence that the defendant is now serving.

"IV) *The Defendant shall testify truthfully* in any statement, hearing, or trial when such testimony is required by the State of North Dakota as to his involvement and any other person's involvement in the fire that destroyed the Clinton and Terry Kopp residence located in Pleasant View Township, Cass County, North Dakota, on April 17, 1983 and which is the subject of Count One and Count Two of the Criminal Information in this case.

"V) *That sentencing of the Defendant Clayton Runck, Jr. shall be delayed* by the Court until such times as the pending trials against the co-defendants Clinton Kopp and Terry Kopp which have been scheduled for trial have been disposed of before the Court.

"VI) That the Defendant shall be given credit for *416* days which he has served in pre-trial confinement against the sentence set forth herein.

"It is specifically provided that the Court may order a pre-sentence investigation pursuant to Rule 32(c) of the North Dakota Rules of Criminal Procedure.

"*It is specifically provided that the Defendant Clayton Runck, Jr. has entered into this plea agreement freely and voluntarily and that his plea of guilty pursuant to this agreement is entered voluntarily* and not as a result of force or threats or promises apart from the plea agreement.

"*It is specifically provided herein that if the Court rejects the plea agreement and informs the parties thereof the defendant may then withdraw his plea of guilty.*" [Emphasis added.]

3. An indeterminable amount of delay is attributable to Runck's incarceration in a federal prison outside of North Dakota. We recognized in *Morris v. McGee*, 180 N.W.2d 659, 663 (1970), that defendants incarcerated in another jurisdiction are entitled to a speedy trial.

sentence report." The decision to accept, reject, or defer pending receipt and consideration of a presentence report is within the trial court's discretion. *See Explanatory Note*, Rule 11(d)(2), N.D.R.Crim.P. The fact that an additional condition upon acceptance of the plea bargain was imposed in this case, likely because the plea bargain itself contained a provision that the sentencing should be delayed pending Runck's truthful testimony, should not be the basis for dismissal of the charge and convictions in this case.

The right to a speedy trial is guaranteed by both the Sixth Amendment of the United States Constitution and Article I of Section 12 of the North Dakota Constitution.[4] We have also recognized that the trial court may dismiss pursuant to Rule 48(b), N.D.R.Crim.P., "whenever there has been unnecessary delay without being required to decide whether the unnecessary delay was of such a nature as to deprive the defendant of a constitutional right." *State v. Erickson*, 241 N.W.2d 854, 859 (N.D. 1976); *See also State v. Wunderlich*, 338 N.W.2d 658, 660 (N.D.1983). Rule 48(b) recognizes the trial court's inherent authority to dismiss for lack of timely prosecution. *See Explanatory Note*, Rule 48, N.D.R.Crim.P. Although Rule 48(b) is separate from the Sixth Amendment of the United States Constitution, the factors considered by the trial court in granting relief pursuant to Rule 48(b) parallel speedy trial factors under the United States Constitution. *See State v. Presbuch*, 366 N.W.2d 794, 795 (N.D.1985).

■ The United States Supreme Court delineated four factors that are relevant in determining whether a defendant has been deprived of the right to a speedy trial in *Barker v. Wingo*, 407 U.S. 514, 92 S.Ct. 2182, 33 L.Ed.2d 101 (1972). These four factors are: length of delay; reason for delay; defendant's assertion of the right; and actual prejudice to the defendant. *Barker*, 407 U.S. at 531–33, 92 S.Ct. at 2192–93; *State v. Erickson, supra*, at 860. No single factor is controlling. Further, the court must consider all the factors in a "difficult and sensitive balancing process." *State v. Wunderlich*, 338 N.W.2d 658, 660 *citing Barker, supra; Erickson, supra.*

■ Applying these factors to the proceedings leading up to Runck's trial, we find that Runck was not deprived of a speedy trial under Rule 48(b) or the United States Constitution. While the length of delay (approximately seventeen months between criminal complaint and jury trial) is significant in the instant case, most of the delay is attributable to Runck's own actions or to actions in which he acquiesced.

The first attorney whom Runck selected was forced to withdraw after disclosing to the court that his license to practice law was subject to imminent suspension.[5] Fur-

---

**4.** Article I, Section 12 of the North Dakota Constitution reads:

"*Section 12.* In criminal prosecutions in any court whatever, the party accused shall have the right to a speedy and public trial; to have the process of the court to compel the attendance of witnesses in his behalf; and to appear and defend in person and with counsel. No person shall be twice put in jeopardy for the same offense, nor be compelled in any criminal case to be a witness against himself, nor be deprived of life, liberty or property without due process of law."

Neither party raised Runck's right under Article I, Section 12 of the North Dakota Constitution. We decline to consider this issue without the benefit of an adversarial briefing. The United States Supreme Court ruled that the right to a speedy trial guaranteed by the Sixth Amendment is binding upon the states via the Fourteenth Amendment in *Klopfer v. State of North Carolina*, 386 U.S. 213, 87 S.Ct. 988, 18 L.Ed.2d 1 (1967).

**5.** The record suggests Runck has been represented by four attorneys at three different stages of the proceedings. Initially, Runck was represented by Brian C. Southwell of Minneapolis, Minnesota. At a hearing on September 20, 1985, the trial court learned of Southwell's possible suspension and ordered Runck to hire another attorney. On October 10, 1985, Runck appeared with Benjamin Houge, also of Minneapolis, Minnesota. It appears that Teresa Joppa of Moorhead, Minnesota, also represented Runck after Southwell's dismissal. Joppa later withdrew as counsel. Joppa appeared as counsel because Houge was not licensed in North Dakota. At a hearing on June 26, 1986, the court learned that Warren Sogard of Fargo, North Dakota, replaced Houge and Joppa.

thermore, the second attorney whom Runck selected was not licensed in North Dakota. The delays occasioned by the changes in representation must be attributed to Runck.

The record also indicates Runck demanded a change of judge on July 11, 1985, approximately one month after the pre-trial motion deadline of June 3, 1985, and that he also requested a change of venue on October 10, 1985. Both of these requests apparently delayed Runck's trial for a substantial period of time. It follows that the trial court could properly consider the effect of Runck's requests in denying his speedy trial claim. *See State v. Padgett,* 410 N.W.2d 143 (N.D.1987) (defendant's request for new attorney may be considered in speedy trial claim).

■ Runck argues that his voluntary plea of guilty did not waive his right to a speedy trial as the court did not accept his plea agreement. The plea agreement was subject to Runck's willingness to testify truthfully in pending trials as we have earlier herein explained. Runck raises the specter of his dilemma with the following hypothetical: Runck testifies truthfully pursuant to the plea agreement only to have the trial court reject the plea agreement after Runck has truthfully testified. The hypothetical suggests unfairness because Runck, having given his *quid pro quo* —the promise of truthful testimony under the plea agreement—was not assured of anything of value in return and is locked into a guilty plea. We disagree. Under Rule 11(d)(4), N.D.R.Crim.P., if the trial court rejects the plea agreement, the court, on the record, "shall inform the parties of this fact, advise the defendant personally in open court or on a showing of good cause, in camera, that the court is not bound by the plea agreement, afford the defendant the opportunity to then withdraw his plea, and advise the defendant that if he persists in his guilty plea the disposition of the case may be less favorable to the defendant than that contemplated by the plea agreement." [6]

We further note that if the trial court refuses to honor the plea agreement, Rule 32(d), N.D.R.Crim.P.,[7] allows a defendant to withdraw a plea of guilty as a matter of right until his plea is accepted, and even later if "withdrawal is necessary to correct a manifest injustice." The American Bar Association Standards for Criminal Justice (2d ed. 1980, Little, Brown and Company)

---

6. Standard 14–3.3(g), The American Bar Association Standards for Criminal Justice (2d ed. 1980, Little, Brown and Company), states:

"(g) In cases where a defendant offers to plead guilty and the judge decides that the final disposition should not include the charge or sentence concessions contemplated by the plea agreement, the judge shall so advise the defendant and permit withdrawal of the tender of the plea. In cases where a defendant pleads guilty pursuant to a plea agreement and the court, following entry of the plea, decides that the final disposition should not include the contemplated charge or sentence concessions, withdrawal of the plea shall be allowed if:
(i) prior to the entry of the plea the judge concurs, whether tentatively or fully, in the proposed charge or sentence concessions; or
(ii) the guilty plea is entered upon the express condition, approved by the judge, that the plea can be withdrawn if the charge or sentence concessions are subsequently rejected by the court.
"In all other cases where a defendant pleads guilty pursuant to a plea agreement and the judge decides that the final disposition should not include the contemplated charge or sentence concessions, withdrawal of the plea may be permitted in the discretion of the judge." The American Bar Association's Standards for Criminal Justice (2d ed. 1980, Little, Brown and Company).

7. Rule 32(d), N.D.R.Crim.P., provides:
"*(d) Plea Withdrawal.*
(1) The court should allow the defendant to withdraw his plea of guilty whenever the defendant, upon a timely motion for withdrawal, proves that withdrawal is necessary to correct a manifest injustice.
(2) A motion for withdrawal is timely if made with due diligence, considering the nature of the allegations therein, and is not necessarily barred because made subsequent to judgment or sentence.
(3) In the absence of a showing that withdrawal is necessary to correct a manifest injustice, a defendant may not withdraw his plea of guilty as a matter of right once the plea has been accepted by the court. Before sentence, the court in its discretion may allow the defendant to withdraw his plea for any fair and just reason unless the prosecution has been substantially prejudiced by reliance upon the defendant's plea."

define "manifest injustice" under its standard for pleas of guilty. Standard 14–2.-1(a)(ii)(D) of the ABA Standards for Criminal Justice (2d ed. 1980, Little, Brown and Company) states that manifest injustice occurs when "the defendant did not receive the charge or sentence concessions contemplated by the plea agreement...." Rule 32(d), N.D.R.Crim.P., is adapted from the ABA Standards for guilty pleas. *See Explanatory Note*, 32(d), N.D.R.Crim.P. Our recent decision in *State v. Millner*, 409 N.W.2d 642, 644 (N.D.1987) makes the point clear: "[W]e urge trial courts to err on the side of liberal allowance of withdrawal of guilty pleas prior to sentencing." Under the ABA Standard and our decision in *State v. Millner*, Runck would have a strong argument for withdrawing his plea if the scenario he hypothesizes had occurred. In this case, moreover, Runck did not need to rely upon the court's application of that Rule because the plea agreement itself reserved that right.

When Runck refused to testify against Terry Kopp, pursuant to the plea agreement, the State moved for rejection of the plea agreement. Runck's refusal to testify only compounded the delay. Runck does not explain how the time delay prejudiced his defense. The absence of prejudice from the delay substantially weakens Runck's speedy trial claim. We conclude Runck's own conduct, including his failure to clarify the status of his plea agreement, was the principal source of delay and accordingly that his speedy trial argument is without merit.

 Runck next asserts that the State used illegally obtained evidence during the jury trial. Specifically, Runck alleges the State used certain telephone records which had previously been suppressed by a federal magistrate. The State denies this assertion and contends the telephone records were obtained pursuant to a federal grand jury subpoena.

We are unable to assess the merits of this contention without evidence or a transcript of these proceedings. As the appellant, it is Runck's responsibility to order the transcript. *See*, Rule 10(b), N.D.R.App. P. He did not do so.

The order denying the motion to dismiss is affirmed.

GIERKE, VANDE WALLE, LEVINE and MESCHKE, JJ., concur.