STATE of North Dakota, Plaintiff
and Appellant,

v.

Bernard J. GANJE, Defendant
and Appellee.

Cr. No. 910131.

Supreme Court of North Dakota.

Feb. 20, 1992.

Glenn Dill III, Asst. State's Atty., Kenmare, for plaintiff and appellant.

Thomas K. Schoppert of Schoppert Law Firm, Minot, for defendant and appellee.

LEVINE, Justice.

The State appeals from an order of the Ward County Court dismissing a charge of driving under the influence of intoxicating liquor in violation of NDCC § 39-08-01. We reverse and remand.

Bernard Ganje was arrested on December 10, 1989, and charged with driving a motor vehicle under the influence of alcohol. Dan Pederson, of the State Toxicologist's office in Fargo, conducted the chemical analysis which determined Ganje's blood-alcohol content at the time of his arrest. Ganje pleaded not guilty and demanded a trial by jury. Trial was scheduled for April 29, 1991. On April 24, 1991, Ganje mailed a subpoena to Pederson at his Fargo office. On April 25, 1991, a copy of the subpoena was filed with the county court. On April 26, 1991, the State's Attorney received a copy of the subpoena. On April 29, 1991, the day of trial, Ganje's attorney informed the county court that Pederson had just called him from Fargo and informed him he would not be at trial that afternoon. Apparently, Pederson had received the subpoena the prior week, but he had been out of town and first learned of the subpoena when he opened his mail that morning.

Ganje moved to dismiss the charge against him, claiming that NDCC § 39-20-07(9) obligated Pederson, a representative of the State Toxicologist, to appear at the trial. Ganje argued Pederson's refusal to appear made it impossible to refute the State's documentary evidence. The State resisted the motion, arguing that NDCC § 39-20-07(9) provides only that a defendant, at no cost, may subpoena the chemical analyst, but that the statute does not give the defendant an absolute right to have the analyst present at trial. Instead, Ganje had the duty of assuring Pederson's appearance by serving "timely" the subpoena and moving for continuance if Pederson could not testify. The county court granted Ganje's motion to dismiss and the State appealed.

On appeal, the State contends that the county court abused its discretion in granting Ganje's motion to dismiss. The State argues that service of the subpoena five days before trial is not "proper and timely" under Rule 17, NDRCrimP, and constitutes a waiver of any right under NDCC § 39-20-07(9) to have Pederson present at trial.

When a state rule is derived from a federal rule, the interpretation given to similar or identical language by the federal courts, although not binding on this court, is persuasive. *State v. Jenkins,* 326 N.W.2d 67 (N.D.1982). The right to compulsory process under Rule 17, FRCrimP, is grounded on the Sixth Amendment. *Thor v. United States,* 574 F.2d 215 (5th Cir.1978). Compulsory process under Rule 17, FRCrimP, is not an absolute right, but is committed to the sound discretion of the trial court. *See United States v. DeCoteau,* 648 F.2d 1191 (8th Cir.1981). We believe the same principle applies to compulsory process under Rule 17, NDRCrimP.

Rule 17, NDRCrimP, does not expressly say that a subpoena must be timely served. However, when no time limitation is expressed, a reasonable time is implied. *See State v. Hilling,* 219 N.W.2d 164 (N.D. 1974) [reasonableness of time for production of documents by prosecutor under Rule 17, NDRCrimP, depends upon requirements of defendant's trial preparation and burden of prosecutor's other responsibilities]. The concept of "reasonable time" is expressed throughout the rules and so our implying it in Rule 17 is at least consistent with the idea expressed in companion rules.

*See* Rule 5(a), NDRCrimP [copy of complaint must be given to arrested person within reasonable time]; Rule 32(c)(3)(i), NDRCrimP [court must allow defendant to read presentence report at a reasonable time before imposition of sentence]; Rule 42(b), NDRCrimP [court must allow reasonable time for preparation of a defense for contempt charge].

▮ Thus, a subpoena must be served within a reasonable time before the witness' scheduled appearance. Whether the timing of service of process is reasonable depends upon the circumstances of each case. *See generally State v. Asherman,* 91 N.J.Super. 159, 219 A.2d 439 (1966). Here, the subpoena to appear on Monday was mailed the previous Wednesday and received sometime within the following day or two. There is no serious argument that a full weekend was inadequate in this case to prepare for Pederson's appearance. Therefore, we conclude that the county court did not abuse its discretion when it failed to find untimely service.

▮ The State next points to the impropriety of the service by mail on Pederson. The State points out that Rule 17(d) allows only a sheriff to serve a subpoena by mail on the person named, while others must personally deliver it. Rule 17(d), NDRCrimP. The State also argues that NDCC § 31–01–14 requires a party serving a subpoena, on a witness to appear outside the county of the witness' residence, to submit an affidavit that the evidence of the witness is material. However, the State did not raise below either issue. Issues not raised before the trial court will not be considered for the first time on appeal. *State v. Blumler,* 458 N.W.2d 300 (N.D. 1990). Because the State did not preserve these issues about the propriety of the service on Pederson, we decline to address them.

▮ The State argues that the trial court misinterpreted NDCC § 39–20–07(9) to bestow upon Ganje an absolute right to have Pederson present at trial and to require

dismissal because of Pederson's failure to appear. We agree.

Section 39–20–07(9), NDCC, says:

"Notwithstanding any statute or rule to the contrary, the defendant in any criminal proceeding may subpoena, without cost to the defendant, the person who conducted the chemical analysis referred to in this section to testify at the trial on the issue of the amount of alcohol, drugs, or a combination thereof in the defendant's blood, breath, saliva, or urine at the time of the alleged act."

▮ The statute thus confers on a defendant, cost free, the right to subpoena as a witness the person who conducted the chemical analysis. It does not, however, relieve the defendant from exercising that right in accordance with rule and statute. Nor is it the source of any freestanding right to have the analyst present at trial that is independent of the constitutional right of compulsory process. It is true that the compulsory process clause does more than provide a bare subpoena power; it encompasses the right to present evidence to the fact finder. *Roussell v. Jeane,* 842 F.2d 1512 (5th Cir.1988). But the right to compulsory process is not absolute. *Id. See State v. Erickson,* 231 N.W.2d 758 (N.D.1975). A defense witness' failure to appear at trial does not deprive a defendant of the right to compulsory process unless it is caused by a unilateral government act. *United States v. Hernandez–Gonzalez,* 608 F.2d 1240 (9th Cir.1979).

The right of the defendant to subpoena the chemical analyst at no cost, under NDCC § 39–20–07(9), illustrates the legislature's striking a balance between the all-but-automatic admissibility of chemical test results, on the one hand, and the defendant's right to cross-examine the chemical analyst, on the other hand. The law neither doing nor requiring idle acts, NDCC § 31–11–05(23), it seems clear that the statute contemplates the presence at trial of the chemical analyst when he or she is properly summoned.

▮ In dismissing the case, the trial court emphasized the defendant's right to have the analyst present for trial and de-

fendant's rights to a speedy trial and compulsory process. As to the speedy trial, the defendant never raised that issue as a ground for dismissal. Nor does it appear from the record that defendant ever asserted his right to a speedy trial. It is elementary that one of the prerequisites for a finding of a violation of a defendant's constitutional right to a speedy trial is that the defendant has demanded a speedy trial. *E.g., State v. Littlewind,* 417 N.W.2d 361 (N.D.1987). The trial court thus erred in basing its dismissal on the right to a speedy trial.

 While we agree that, ordinarily, under NDCC § 39–20–07(9), the defendant is entitled to have the analyst present at trial, it does not follow that the analyst's unavailability, through no fault of the State, justified dismissal under either the statute or the Sixth Amendment. There is nothing in the record to establish that the analyst would not attend trial on another day. In *State v. Presbuch,* 366 N.W.2d 794 (N.D.1985), we sustained a dismissal because the defendant was unavailable for trial and would be available, if at all, only at great cost because of continuing military service in Europe. This is not a *Presbuch* unavailability case.

Although defendant may have been entitled to a continuance had he requested one, he did not. Instead, he requested dismissal. That, he was not entitled to and in granting it, the county court abused its discretion.

Reversed and remanded.

ERICKSTAD, C.J., VANDE WALLE and MESCHKE, JJ., and VERNON R. PEDERSON, Surrogate Judge, concur.

VERNON R. PEDERSON, Surrogate Judge, sitting with the Court due to the resignation of the Honorable H.F. GIERKE III.